**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                  :     **Chapter 11**
                                                        :
**ESCADA (USA) INC.,**                                  :     **Case No. 09-15008 (SMB)**
                                                        :
                        **Debtor.**                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6004 AND 6006  (i) APPROVING THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (ii) AUTHORIZING THE
DEBTOR TO ENTER INTO AGREEMENT IN CONNECTION THEREWITH,
(iii) APPROVING THE ASSUMPTION AND ASSIGNMENT, OR REJECTION OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (iv) RELATED RELIEF**

Upon the motion, dated December 21, 2009 (Docket No. 171) (the "Sale

Motion")[1], of Escada (USA), Inc., as debtor and debtor in possession (the "Debtor") seeking

entry of an order pursuant to sections 105(a), 363 and 365 of chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code"), rules 2002, 6004, 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and General Order M-383, establishing

guidelines for the conduct of asset sales (the "Guidelines") authorizing and approving, inter alia,

(i) the sale of the Transferred Assets and the assumption and assignment of certain executory

contracts and unexpired leases related thereto free of all liens, claims, encumbrances and other

interests (the "Sale"), (ii) the rejection of certain executory contracts and unexpired leases and

bar date for any and all claims against the Debtor related thereto; and the Debtor and Purchaser

having entered into that certain Asset Purchase and Sale Agreement dated as of December 21,

2009 attached hereto as Exhibit A (as modified, amended or supplemented pursuant to its terms,

the "Agreement"); and upon the Court's consideration of the Sale Motion, the Declaration of

---

[1]     Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the
        Sale Motion or the Agreement.

Christian D. Marques, the Debtor's Chief Financial Officer, in support thereof (Docket No. 172) (the "<u>Marques Declaration</u>"), the Order Shortening Time of Notice with Respect to a Hearing on Debtor's Request for an Order Approving the Sale of Substantially all of the Debtor's Assets and Approving the Form and Manner of Notice Thereof (Docket No. 176) (the "<u>Sale Notice Order</u>"), the Declaration of Harak Banthia in Support of the Sale Motion (Docket No. 194) (the "<u>Banthia Declaration</u>"), and the record of the hearing held on December 31, 2009 with respect to the Sale Motion, including without limitation the evidence and testimony proffered or adduced therein (the "<u>Sale Hearing</u>") **and the letter dated January 6, 2010 from Shannon Lowry Nagle, Esq. to the Court** ; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and upon the record of the Sale Hearing and this case, and after due deliberation thereon, and good and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[2]

A.     **<u>Jurisdiction and Venue</u>**.  This Court has jurisdiction to consider the Sale Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Sale Motion in this District are proper under 28 U.S.C. §§ 1408 and 1409.

B.     **<u>Statutory and Rule Predicates</u>**.  The statutory predicates for the relief sought in the Sale Motion are Bankruptcy Code sections 105(a), 363 and 365, Bankruptcy Rules 2002, 6004, 6006 and 9014, the Guidelines and other applicable Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>")

---

[2]     Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  <u>See</u> Fed. R. Bankr. P. 7052.

C.    **Notice and Opportunity to Object**.  Due, proper, timely, adequate and sufficient notice of the Sale Motion, and opportunity to object thereto, the Sale Hearing, and the Sale, including without limitation the assumption and assignment of the Assumed Contracts and establishment of the Cure Amounts (as defined below), if any, as set forth on Exhibit B hereto (the "Contracts Schedule") and rejection of the Rejected Contracts, has been provided.

D.    **Arm's-Length Sale**.  The Agreement was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith, from arm's-length bargaining positions with the parties represented by independent counsel and with significant involvement from the Creditors' Committee.  Neither the Debtor nor the Purchaser, nor any of their respective Representatives, have engaged in any conduct that would cause or permit the Agreement or the Sale to be avoided under section 363(n) of the Bankruptcy Code.

E.    **Limited Guarantee**. To induce the Debtor to enter into the Agreement and as a form of adequate assurance of future performance, Lenzty Investments SARL, a Luxembourg *société à responsabilité limitée*, the wholly-owned subsidiary of Purchaser's Affiliate (the "Guarantor"), has agreed to guarantee, pursuant to the terms of an unconditional and continuing guarantee (the "Guarantee") and subject to the terms and conditions therein, the due and punctual payment, performance and discharge of all of the obligations of the Purchaser under the Agreement.  Pursuant to the Guarantee, the Guarantor has submitted itself to the jurisdiction of this Court.

F.    **Exigent Circumstances.**  As demonstrated by (i) the Sale Motion, (ii) the Marques Declaration, (iii) the testimony and other evidence proffered or adduced at the Sale Hearing, and (iv) the representations of counsel made on the record at the Sale Hearing, in light of the exigent circumstances presented, (a) the Debtor's assets were marketed for sale in

conjunction with marketing for sale the assets of Escada AG, (b) the consideration provided for in the Agreement constitutes the highest or otherwise best offer for the Transferred Assets and provides fair and reasonable consideration for the Transferred Assets, (c) the value of the Debtor's business and assets is deteriorating and the Sale is the only viable alternative to liquidation available to the Debtor, (d) if the Sale is not approved, the Debtor will be forced to cease operations, (e) the failure to approve the Sale promptly will lead to the loss of hundreds of jobs, (f) prompt approval of the Sale is the only means to preserve and maximize the value of the Debtor's assets, (g) the Sale maximizes fair value for the benefit of the Debtor's estate and creditors, (h) the Debtor is receiving fair value for the assets being sold, (i) the Sale will provide greater recovery for the Debtor's creditors than would be provided by any other practicable alternative, including liquidation under chapters 7 or 11 of the Bankruptcy Code, (j) no other entity has offered to purchase the Transferred Assets for greater economic value to the Debtor or its estate, (k) the consideration to be paid by the Purchaser under the Agreement exceeds the liquidation value of the Transferred Assets, and (l) the Debtor's determination that the Agreement constitutes the best or highest offer for the Transferred Assets and that the Sale represents a better alternative for the Debtor's parties in interest than an immediate liquidation constitute valid and sound exercises of the Debtor's business judgment.

       G.      **<u>Free and Clear.</u>**  The transfer of the Transferred Assets and the assumption of the Assumed Liabilities under the Agreement is valid and vests Purchaser with all of the Debtor's right, title, and interest in and to the Transferred Assets, free and clear of all Liens (other than Permitted Liens as defined in the Agreement), claims (as defined in section 101(5) of the Bankruptcy Code), and including without limitation successor liability claims, encumbrances, obligations, liabilities, demands, guarantees, options, rights, restrictions,

contractual commitments, rights of first refusal, rights of setoff or interests of any kind or nature whatsoever, whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or after the commencement of this chapter 11 case, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, but excluding Assumed Liabilities, the "Interests").

H.    **Satisfaction of 363(f) Standards.** The Debtor may sell the Transferred Assets free and clear of any liens of any kind or nature whatsoever because, *inter alia,* the proceeds of the Sale of the Transferred Assets exceed the amount of any liens that have been asserted and each person or entity or holder of any Interests in the Transferred Assets.  ~~is deemed to have consented to the Sale by not objecting to the Sale Motion.~~

I.    **Cure/Adequate Assurance**.  The assumption and assignment of the Assumed Contracts pursuant to the terms of this Order is integral to the Agreement and is in the best interests of the Debtor, its estate, its creditors and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor.  Purchaser's contractual obligation to perform under the Assumed Contracts after the Closing and to replace the Existing Letters of Credit on the same terms as provided in the Existing Letters of Credit, as well as, the information and assurances provided to lessors as set forth in the Banthia Declaration and the representations made on the record of the Sale Hearing, shall constitute adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.  Any objections to the assumption and assignment of any of the Assumed Contracts to the Purchaser that have not been withdrawn, waived, settled or otherwise resolved are hereby overruled.  Except as set forth herein with respect to the Objecting Landlords (defined

below), any objections to the Cure Amounts set forth on the Contracts Schedule that have not been withdrawn, waived, settled or otherwise resolved are hereby overruled and the "Cure Amounts" set forth on the Contracts Schedule constitute findings of the Court that such amounts are the Debtor's maximum liability to the counterparties for amounts owed and shall be binding on counterparties to the Assumed Contracts (and their successors and designees), and shall not be subject to further dispute or audit based on performance prior to the Closing, irrespective of the terms of the Assumed Contracts.

    J.  The "<u>Objecting Landlords</u>" are those landlords listed on Exhibit C attached hereto.  In light of the facts and circumstances of this case and the small amounts involved with respect to potential cure claims, the Objecting Landlords have agreed to resolve their objections as to cure amounts and year-end adjustments as set forth herein and this order shall not have precedential value in future cases with respect to issues raised in the objections filed by the Objecting Landlords.  The "Cure Amounts" set forth on the Contracts Schedule constitute findings of the Court that the amounts set forth therein are the Debtor's maximum liability to the counterparties for amounts owed and shall be binding on the Objecting Landlords (and their successors and designees), and shall not be subject to further dispute or audit based on performance prior to the Closing, irrespective of the terms of the Assumed Contracts, except with respect to the Cure Amounts disputed by the Objecting Landlords and itemized in their objections (the "Disputed Cure Amounts").  The Objecting Landlords' rights to assert additional Cure Amounts solely related to (i) attorneys' fees and (ii) rent and related charges that have not yet been billed or have not yet become due under the Assumed Contracts for year end adjustments related to charges such as common area maintenance, taxes, insurance and heating/ventilation/air condition charges arising prior to the Closing (collectively, the

"Adjustment Amounts") shall be and hereby are preserved as provided for below. The Debtor's rights to assert defenses and otherwise object with respect to the Adjustment Amounts (and entitlement to credits or refunds arising therefrom) are hereby preserved.

K. **Personally Identifiable Information**. The Sale may include the transfer of personally identifiable information, as defined in section 101(41)(A) of the Bankruptcy Code. No consumer privacy ombudsman need be appointed under section 363(b)(1) of the Bankruptcy Code because the Purchaser agrees to become the Debtor's successor-in-interest as to the customer information and to use the customer information only in accordance with the privacy policy of the Debtor.

L. **Time of the Essence**. The Sale must be approved and consummated promptly in order to preserve the maximum value and viability of the Transferred Assets.

NOW, THEREFORE, IT IS ORDERED THAT:

1. **Sale Motion Is Granted**. The Sale Motion and the relief requested therein is GRANTED and APPROVED, to the extent set forth herein.

2. **Objections Overruled**. Any objections to the Sale Motion, entry of this Order or the relief granted herein that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice. All entities, including without limitation governmental units, that have not objected to the Sale Motion are deemed to have consented to the relief sought by the Sale Motion and the transactions contemplated therein.

3. **Approval**. The Agreement and all of the terms and conditions thereto are hereby approved. The Debtor is hereby authorized and directed, without further order of the Court, to (i) enter into the Agreement, along with any additional instruments or documents that

may be reasonably necessary or appropriate to implement the Agreement, provided that such additional documents do not materially change its terms, (ii) consummate the Sale in accordance with the terms and conditions of the Agreement and the other agreements contemplated thereby, (iii) assume and assign to Purchaser the Assumed Contracts, reject the Rejected Contracts, and (iv) take all other and further actions as may be reasonably necessary to implement the transactions contemplated by the Agreement.

4. **Valid Transfer**. As of the Closing, (i) the transactions contemplated by the Agreement effect a valid transfer of the Debtor's right, title and interest in and to the Transferred Assets to Purchaser free and clear of any Interests and Excluded Liabilities of any kind whatsoever, and (ii) the Agreement and the transactions and instruments contemplated thereby shall be specifically performable and enforceable against and binding upon, the Debtor, the Purchaser or any successor trustee appointed in this chapter 11 case.

5. **Post Closing Rent**. No later than five (5) days after the Closing, Purchaser shall reimburse the Debtor for any rent and related charges due prior to Closing and paid by the Debtor prior to the Closing pursuant to Assumed Contracts related to Leased Real Properties to the extent that such payments are attributable to the period following Closing. No later than one (1) Business Day prior to the Closing Date, the Debtor shall prepare and provide to Purchaser an itemized statement showing the Debtor's calculation of such rent and related charges.

6. **Government Facilitation**. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

7. **Injunction**. Except as expressly permitted by the Agreement or by this Order, all persons and entities holding Interests or claims (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever against or in the Debtor or the Debtor's interests in the Transferred Assets, arising under or out of, in connection with, or in any way relating to the operation of the Debtor's businesses before the Closing or the transfer of the Debtor's interests in the Transferred Assets to the Purchaser, shall be and hereby are permanently enjoined from asserting, prosecuting or otherwise pursuing such persons' or entities' Interests or claims against the Purchaser, its property, or its successors and assigns, or from in any way interfering with Purchaser's title to or use and enjoyment of the Debtor's interests in the Transferred Assets based on or related to such Interests or claims.

8. **Release of Interests**. This Sale Order (i) shall be effective as a determination that, on the Closing, all Interests of any kind or nature whatsoever existing as to the Transferred Assets prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (ii) shall be binding upon and shall govern the acts of all entities and all persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Transferred Assets.

9. **Sale Proceeds.** Any and all valid and perfected Interests in Transferred Assets of the Debtor shall attach to any proceeds of such Transferred Assets immediately upon receipt of such proceeds by the Debtor (or any party acting on the Debtor's behalf) in the order of priority, and with the same validity, force and effect which they now have against such Transferred Assets, subject to any rights, claims and defenses the Debtor, its estate or any trustee

for the Debtor, as applicable, may possess with respect thereto.  Except as required by this Order or the Agreement, no proceeds subject to an asserted Interest shall be used or disbursed by the Debtor without the express consent of the party or parties asserting an Interest therein or further order of the Court after notice (to all parties who have asserted an Interest in such proceeds) and a hearing.

10. **No Successor Liability**.  Except for the Assumed Liabilities, the transfer of the Transferred Assets to the Purchaser under the Agreement shall not result in the Purchaser or its members, shareholders, successors or assigns having any liability or responsibility (i) for any claim or Interest against the Debtor or against an insider of the Debtor, (ii) to the Debtor or to third parties except as is expressly set forth in the Agreement, or (iii) for the satisfaction in any manner, whether at law or in equity, whether by payment, setoff, recoupment or otherwise, directly or indirectly, of any Interest or Excluded Liability.  Without limiting the effect or scope of the foregoing, as a result of the Closing of the transactions contemplated by the Agreement, the Purchaser shall have no successor or vicarious liabilities of any kind or character with respect to the Debtor or any obligations of the Debtor arising prior to the Closing, or in any way relating to the operation of the Transferred Assets prior to the Closing.

11. **Assumption and Assignment, or Rejection of Contracts**.  Subject to the terms of the Agreement and this Order, upon the Closing, the Debtor is hereby authorized and directed to assume, assign and transfer the Assumed Contracts to the Purchaser pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code and reject the Rejected Contracts effective as of the Closing, or with respect to nonresidential real property leases as of the later of the Closing and the date on which the Debtor surrenders the premises to the landlord in a broom clean condition with any necessary keys or security codes (the "Rejection Date").  Any property

of the estate remaining on the premises after the Rejection Date shall be deemed abandoned and may be disposed of by the landlord or licensor without liability to the Debtor. The Purchaser shall have until three (3) days prior to the Closing to designate a Contract as an Assumed Contract or Rejected Contract. The Purchaser shall notify promptly the counterparty to the Contracts in writing of any change in designation. No later than ten (10) days after the Closing, the Purchaser shall file with the Bankruptcy Court a list of Assumed Contracts and rejected Contracts.

12.     On the Closing, the Assumed Contracts, whether entered into before or after the commencement of this chapter 11 case, or amended after the commencement of this chapter 11 case shall be transferred to the Purchaser, ~~free and clear of all Interests of any kind or nature whatsoever,~~ and shall remain in full force and effect for the benefit of Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer. The requirements of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code are hereby deemed satisfied with respect to such Assumed Contracts. Pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to such Assumed Contracts except for the Adjustment Amounts and Disputed Cure Amounts. The Debtor shall maintain its general liability insurance coverage in the form that currently exists for third party claims against the Debtor arising prior to the Closing but not yet known or asserted against the Debtor.

13.     **Bar Date for Rejection Claims.** Counterparties to the Rejected Contracts shall have thirty (30) days from the Rejection Date to file proofs of claim for any and all claims

or damages arising from the rejection of the Rejected Contracts. The Rejected Contracts shall be rejected and terminated as of the Rejection Date.

14.     **Cure Amounts for Assumed Contracts**.  In accordance with the terms of the Agreement and this Order, within the later of (a) ten (10) days after the Closing or as otherwise agreed to between the parties, the Debtor or the Purchaser, as the case may be, shall pay any undisputed portion of the Cure Amounts and the Debtor shall pay any undisputed Adjustment Amounts with respect to the Objecting Landlords.

15.     On or before January 11, 2010, the Objecting Landlords shall, unless they have previously provided the information in their filed objections, submit detailed invoices to the Debtor for any disputed Adjustment Amounts. To the extent any portion of the Adjustment Amount is unknown as of January 11, **2010** ~~2009~~, the Objecting Landlord(s) shall submit a detailed, reasonable estimate of the Adjustment Amounts calculated by taking one hundred twenty-five percent (125%) of the average of the amounts paid by (net of credits) the Debtor for the years 2006, 2007 and 2008, or such shorter period to the extent the Debtor was not a tenant of the Objecting Landlord for those three (3) years (the "Adjustment Amount Estimate"). The Debtor shall place in a segregated account from the Sale proceeds an amount equal to the aggregate amount of all Disputed Cure Amounts and all Adjustment Amount Estimates with respect to the Objecting Landlords, or such other amounts as agreed to in writing by the Objecting Landlord(s) and Debtor (the "Segregated Proceeds").

16.     Any disputes with the Objecting Landlords with respect to Disputed Cure Amounts or Adjustment Amounts that are not resolved pursuant to the parties' mutual agreement within thirty (30) days after the Closing may be brought before the Court by the Debtor or the Objecting Landlord(s) on ten (10) days notice. Notwithstanding anything contained in the

Agreement to the contrary, Purchaser shall reimburse the Debtor no later than ten (10) Business Days after release of all of the Segregated Proceeds for any Adjustment Amounts paid from the Segregated Proceeds to the Objecting Landlords that are parties to Assumed Contracts that are attributable to prepetition periods, in an aggregate amount not to exceed $25,000. The Segregated Proceeds shall be disbursed to each Objecting Landlord pursuant to Final Order of the Court or written agreement of the parties as it resolves disputes with each Objecting Landlord. The amounts deposited in the Segregated Proceeds account attributable to an Objecting Landlord shall be the Debtor's maximum liability to such Objecting Landlord Cure Amounts and Adjustment Amounts and shall be binding on such Objecting Landlord (and their successors and designees), and shall not be subject to further dispute or audit based on actual amounts or invoices received by the Objecting Landlords after the Closing.

17. Payment of Cure Amounts or Adjustment Amounts shall be made by the Purchaser or the Debtor in accordance with Section 2.1(e)(ii) of the Agreement within the timeframe set forth in paragraphs 15 and 16 above. Purchaser may take any action and file any motions or other papers with respect to a Cure Amount required to be taken by Debtor pursuant to Section 2.1(e)(iv) of the Agreement in place and in the name of Debtor. Except as provided herein with respect to the Objecting Landlords, any counterparty to the Assumed Contracts that did not object to its Cure Amount (as set forth on the Contracts Schedule) by the Objection Deadline is deemed to have consented to such Cure Amount and the assignment of its respective Assumed Contract to the Purchaser. Upon payment of the Cure Amounts (as set forth on the Contracts Schedule) and Adjustment Amounts, the counterparties to Assumed Contracts are permanently enjoined from (i) asserting against the Debtor or the Purchaser or its Affiliates, or the property of any of them, any default existing as of Closing, or against the Purchaser or its

Affiliates, any counterclaim, defense, setoff or any other Interest asserted or assertable against the Debtor, and (ii) imposing or charging against Purchaser or its Affiliates any accelerations, assignment fees, increases or any other fees as a result of the Debtor's assumption and assignments to Purchaser of the Assumed Contracts.

18.     The pendency of a dispute relating to Cure Amounts or Adjustment Amounts shall not prevent or delay the assumption and assignment of any contracts or leases. Notwithstanding anything to the contrary in the Agreement, if a dispute relating to Cure Amounts is not resolved prior to Closing, the Purchaser may choose to assume the Contract (in which case it shall ~~be come~~ **become** an Assumed Contract), or decide not to assume it  (in which case the Debtor may determine it shall become a Rejected Contract).

19.     **Ipso Facto Clauses Ineffective**.  At Closing, no default shall exist under any Assumed Contract, and no counterparty to any Assumed Contract shall be permitted to declare a default by the Debtor or Purchaser under such Assumed Contract or otherwise take action against the Purchaser as a result of Debtor's financial condition, bankruptcy or failure to perform any of its obligations under the relevant Assumed Contract.

20.     **Effect of Orders**.  The terms and provisions of the Agreement and this Order shall be binding in all respects upon the Debtor, its estate, all creditors of (whether known or unknown) and holders of equity interests in either the Debtor, Purchaser or their respective Affiliates, successors and assigns, as well as any third parties, notwithstanding any subsequent appointment of any trustee of the Debtor under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

21.     **Retention of Jurisdiction**.  This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and

enforce the terms and provisions of this Order, all amendments thereto and any waivers and consents thereunder.

22.     **Surrender of Possession**.  All entities that are currently, or on the Closing may be, in possession of some or all of the Transferred Assets in which the Debtor hold an interest hereby are directed to surrender possession of the Transferred Assets either to (i) the Debtor before the Closing, or (ii) to Purchaser on the Closing.

23.     **Non-Material Modifications**.  The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

24.     **Subsequent Plan Provisions**.  Nothing contained in any subsequent order of this Court, or any court of competent jurisdiction, shall alter, conflict with, or derogate from, the provisions of the Agreement or this Order, which provisions shall survive and remain in full force and effect.

25.     **Failure to Specify Provisions**.  The failure to specifically include any particular provisions of the Agreement or the other agreements contemplated thereby in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement and the other agreements contemplated thereby be authorized and approved in their entirety.  Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

26.     **No Stay of Order**.  Notwithstanding the provisions of Bankruptcy Rule 6004 and Bankruptcy Rule 6006 or any applicable provisions of the Local Rules, this Order shall

not be stayed for ten (10) days after the entry hereof, but shall be effective and enforceable immediately upon entry.  Time is of the essence in closing the transactions referenced herein, and the Debtor and the Purchaser intend to close the Sale as soon as practicable.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

27.  **Preservation of Certain Records**.  Subject to further order of the Court, the Debtor and Purchaser are hereby ordered (and shall cause their Affiliates) to take appropriate measures to maintain and preserve all records held by each relating to the Transferred Assets as may be required by the Agreement and Applicable Law and permit reasonable access to the Debtor as necessary to administer and wind down the estate; provided, however, that in no event shall the Debtor be required to preserve such records after this chapter 11 case is closed.

28.  **Name and Caption Change**.  Pursuant to the Agreement, the Debtor is directed to (i) change its name such that the term "Escada" is not used, and (ii) revise the caption of this chapter 11 proceeding to reflect the new name of the Debtor.  Notwithstanding anything contained in its organizational documents or applicable state law to the contrary, the Debtor is authorized and directed, upon and in connection with the Closing, to change its name, and any amendment to the organizational documents (including the certificate of incorporation) of the Debtor to effect such a change is authorized and approved, without Board or shareholder approval.  Upon such change, the Debtor shall file with the Court a notice of change of case caption within two (2) business days of the Closing, and the change of case caption for this chapter 11 case shall be deemed effective as of the Closing.

29.     **<u>No Bulk Sale or Similar Laws Apply</u>.**  No law of any state or other jurisdiction relating to bulk sales or similar laws shall apply in any way to the transactions contemplated by the Sale, the Agreement and this Order.

30.     **<u>Retention of Rights by the United States</u>**. Nothing in this Order or in the Agreement (i) releases, nullifies, or enjoins the enforcement of any liability to a federal governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Closing; or (ii) should be construed to give Purchaser any more protection against any federal government unit than it is otherwise entitled to under 11 U.S.C. § 363(f).  Nothing in this paragraph should be construed to create for any federal governmental unit any substantive right that does not already exist under law.

31.     **<u>Notice of Entry of Sale Order</u>**.  No later than three (3) days after entry of this Order, the Debtor shall serve this Order on all counterparties to the Contracts listed on the Contract Schedule and cause notice of the Sale to be published on the Debtor's restructuring website at http://www.kccllc.net/escada.  Such notice shall be sufficient and appropriate to notify all parties in interest of the entry of this Order.

Dated: New York, New York
        January 7, 2010

                                        */s/ Arthur J. Gonzalez*
                                        HONORABLE ARTHUR J. GONZALEZ
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**
**Sale Agreement**

**Exhibit B**
**Contracts Schedule**

**Contracts**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| 1412 OWNER LLC | C O Murray Hill Properties LLC 1140 Ave of the Americas New York, NY 10036 | Office Lease | 09/01/2009 | $23,557.07 | |
| | | | 10/01/2009 | 17,511.88 | |
| | | | 11/01/2009 | 122.47 | |
| **1412 OWNER LLC Total** | | | | **41,191.42** | **Assumed** |
| 226 WEST BROUGHTON, LLC | C O Marley Management Company Inc. 30 West Broughton Street, St. 203 Savannah, GA 31401 | Retail License Savannah Store | | 0.00 | |
| **226 WEST BROUGHTON, LLC Total** | | | | **0.00** | **Assumed** |
| 717 GFC LLC | C O Wharton Properties 500 Fifth Ave New York, NY 10110 | Retail License New York Store | 10/01/2009 | 17.34 | |
| **717 GFC LLC Total** | | | | **17.34** | **Assumed** |
| A TOUCH OF CLASS | 4921 16th Avenue Brooklyn, NY 11204 | Purchase of Product | | 0.00 | |
| **A TOUCH OF CLASS Total** | | | | **0.00** | **Assumed** |
| A-1 OFFICE SERVICES MANAGEMENT | 2226 Morris Ave Union, NJ 07083 | Employee Leasing | 07/13/2009 | 106.56 | |
| | | | 07/15/2009 | 3,207.00 | |
| | | | 08/10/2009 | 66.60 | |
| | | | 08/15/2009 | 3,207.00 | |
| | | | 08/17/2009 | 79.92 | |
| **A-1 OFFICE SERVICES MANAGEMENT Total** | | | | **6,667.08** | **Assumed** |
| ADT SECURITY SERVICES | One Town Ctr Rd Boca Raton, FL 33486 | Alarm Monitoring | 07/27/2009 | 3,745.61 | |
| | | | 07/29/2009 | 125.28 | |
| | | | 08/11/2009 | 2,174.01 | |
| | | | 08/14/2009 | 1,736.00 | |
| | | | 09/30/2009 | 14.57 | |
| **ADT SECURITY SERVICES Total** | | | | **7,795.47** | **Assumed** |

---

[3] Where more than one contract is listed for a counterparty, invoice dates do not necessarily correspond to individual contracts but may apply to all contracts.

**Error! Unknown document property name.**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| AIR STREAM AIR CONDITIONING CORP. | 245 Newtown Rd Ste 305 Plainview, NY 11803 | HVAC Maintenance | 07/28/2009 | 58.45 | |
| | | | 07/31/2009 | 2,400.51 | |
| | | | 08/10/2009 | 4,343.63 | |
| | | | 08/26/2009 | 3,203.77 | |
| **AIR STREAM AIR CONDITIONING CORP. Total** | | | | **10,006.36** | **Assumed** |
| ALEXANDRAS OF BRIGHTON | 2209 Monroe Drive Rochester, NY 14618 | Purchase of Product | | 0.00 | |
| **ALEXANDRAS OF BRIGHTON Total** | | | | **0.00** | **Assumed** |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY | 200 Vesey St New York, NY 10285 | Credit Card Acceptance Contract | 08/07/2009 | 2,081.29 | Assumed |
| | | Participation in Promotional Programs Contract (Gift Certificates) | 10/08/2009 | 5,397.31 | Assumed |
| | | Participation in Promotional Programs Contract (Merchant Award Points) | 08/01/2009 | 60.00 | Assumed |
| **AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY Total** | | | | **7,538.60** | **Assumed** |
| ARCHIVE SYSTEMS INC | 39 Plymouth St Fairfield, NJ 07004 | Records Storage | 07/31/2009 | 737.94 | |
| | | | 10/14/2009 | 318.09 | |
| **ARCHIVE SYSTEMS INC Total** | | | | **1,056.03** | **Assumed** |
| AT&T | numerous | Wireless Cellular Service | | 0.00 | |
| **AT&T Total** | | | | **0.00** | **Assumed** |
| AVAYA, INC. | 624 Grand Regency Blvd Brandon, FL 33510 | Telephone Hardware Maintenance | 08/04/2009 | 287.93 | |
| | | | 08/06/2009 | 319.50 | |
| | | | 08/08/2009 | 3.74 | |
| **AVAYA, INC. Total** | | | | **611.17** | **Assumed** |
| B W HOTEL LLC | 9500 Wilshire Blvd. Beverly Hills, CA 90212 | Retail Lease Beverly Hills Store | | 0.00 | |
| **B W HOTEL LLC Total** | | | | **0.00** | **Assumed** |
| BAL HARBOUR SHOPS LLLP | 9700 Collins Ave Bal Harbour, Fl 33154 | Retail Lease Bal Harbour Store | 07/21/2009 | 50.00 | |
| **BAL HARBOUR SHOPS LLLP Total** | | | | **50.00** | **Assumed** |
| BANK OF AMERICA LEASING AND CAPITAL, LLC | P.O. Box 7028 Troy, MI 48007 | Office Equipment Lease | | 0.00 | |
| **BANK OF AMERICA LEASING AND CAPITAL, LLC Total** | | | | **0.00** | **Rejected** |

Error! Unknown document property name.

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| BANK OF AMERICA, N.A. | Capital Markets Servicing Group Mail Code: NC1-02606-01 900 West Trade Street, Suite 650 Charlotte, NC 28255 | SNDA (Office Space Lease) | | 0.00 | |
| | | SNDA (Naples Store Lease) | | 0.00 | |
| **BANK OF AMERICA, N.A. Total** | | | | **0.00** | **Assumed** |
| BILTMORE SHOPPING CENTER PARTNERS LLC | 2502 East Camelback Road Phoenix, AZ 85016 | Retail Lease Biltmore Store | | 0.00 | Amendments Negotiated with landlord |
| **BILTMORE SHOPPING CENTER PARTNERS LLC Total** | | | | **0.00** | **Assumed as Amended** |
| BINNS FASHION SHOP | 435 Duke of Gloucester St. Williamsburg, VA 23185 | Purchase of Product | | 0.00 | |
| **BINNS FASHION SHOP Total** | | | | **0.00** | **Assumed** |
| BLOOMINGDALE'S | 919 Third Ave. New York, NY 10022 | Purchase of Product | | 0.00 | |
| **BLOOMINGDALE'S** | | | | **0.00** | **Assumed** |
| BLOOMINGDALE'S INC. | C O Macy's Corporate Services 2101 East Kemper Road Cincinnati, OH 45241 | Consignment | | 0.00 | |
| **BLOOMINGDALE'S, INC. Total** | | | | **0.00** | **Assumed** |
| BOYDS | 1818 Chestnut Street Philadelphia, PA 19103 | Purchase of Product | | 0.00 | |
| **BOYDS Total** | | | | **0.00** | **Assumed** |
| BPCM LA | 169 North Wetherly Dr Beverly Hills, CA 90211 | Brand Representation in Respect of Celebrities and Editorial Coverage | 07/13/2009 | 6,200.00 | |
| | | | 08/01/2009 | 7,200.00 | |
| **BPCM LA Total** | | | | **13,400.00** | **Assumed** |
| C & F LUXURY CARS LLC | 1820 Bartow Ave Bronx, NY 10469 | Chauffer Services | | 0.00 | |
| **C & F LUXURY CARS LLC Total** | | | | **0.00** | **Assumed** |
| CERTEGY CHECK SERVICES, INC | 11601 Roosevelt Blvd. St. Petersburg, FL 33716 | Check Verification Services | | 0.00 | |
| **CERTEGY CHECK SERVICES, INC Total** | | | | **0.00** | **Assumed** |
| CHICAGO OFFICE TECHNOLOGY GROUP | 4 Territorial Court, Suite S Bolingbrook, IL 60440 | Copier Lease | | 0.00 | |
| **CHICAGO OFFICE TECHNOLOGY GROUP Total** | | | | **0.00** | **Rejected** |
| CLEAN NET | 800 W. Airport Freeway, Suite 720 Irving, TX 75062 | Cleaning Services | | 0.00 | |
| **CLEAN NET Total** | | | | **0.00** | **Assumed** |

Error! Unknown document property name.

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| CLUB & COUNTRY LTD | 57 Hillside Ave.<br>Manhasset, NY 11030 | Purchase of Product | | 0.00 | |
| **CLUB & COUNTRY LTD Total** | | | | **0.00** | **Assumed** |
| CORPORATE REAL ESTATE SERVICES, INC. | 60 Monmouth Park Hwy<br>West Long Branch, NJ 07764 | Lease Administration Services | 07/20/2009 | 2,071.04 | |
| | | | 08/20/2009 | 114.27 | |
| **CORPORATE REAL ESTATE SERVICES, INC. Total** | | | | **2,185.31** | **Assumed** |
| COUNTRY CLUB CASUALS | 812 49th Ave. SW<br>Calgary AB T2S1G9<br>Canada | Purchase of Product | | 0.00 | |
| **COUNTRY CLUB CASUALS Total** | | | | **0.00** | **Assumed** |
| CPG HOUSTON HOLDINGS, LP | C O Chelsea Property Group<br>105 Eisenhower Parkway<br>Roseland, NJ 07068 | Retail License<br>Houston Store | | 0.00 | |
| **CPG HOUSTON HOLDINGS, LP Total** | | | | **0.00** | **Assumed** |
| CPG PARTNERS, L.P. | C O Chelsea Property Group Inc<br>105 Eisenhower Pkwy<br>Roseland, NJ 07068 | Retail Lease<br>Woodbury Commons Store | 09/01/2009 | 293.55 | |
| **CPG PARTNERS, L.P. Total** | | | | **293.55** | **Assumed** |
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | 1111 Old Eagle School Rd<br>Wayne, PA 19087 | Office Equipment Lease | 07/25/2009 | 437.15 | |
| | | Office Equipment Lease | | 0.00 | |
| **DE LAGE LANDEN FINANCIAL SERVICES, INC. Total** | | | | **437.15** | **Assumed** |
| DILLARDS DEPARTMENT STORES, INC. | 4501 North Beach Street<br>Ft. Worth, TX 76137 | Purchase of Product | | 0.00 | |
| **DILLARDS DEPARTMENT STORES, INC. Total** | | | | **0.00** | **Assumed** |
| DISCOVER MUSIC NETWORK | P.O. Box 30394<br>Salt Lake City, UT 84130 | Credit Card Acceptance | | 0.00 | |
| **DISCOVER MUSIC NETWORK Total** | | | | **0.00** | **Assumed** |
| DMX MUSIC, INC. | 11400 W. Olympic Blvd., Suite 1100<br>Las Angeles, CA 90064 | Music Subscription Service | | 0.00 | |
| **DMX MUSIC, INC. Total** | | | | **0.00** | **Assumed** |
| EL PASEO COLLECTION NORTH | 73 061 El Paseo St., 200<br>Palm Desert, CA 92260 | Retail Lease<br>Palm Desert Store | | 0.00 | |
| **EL PASEO COLLECTION NORTH Total** | | | | **0.00** | **Assumed** |
| ELLAS CLOTHES CLOSET | 4070 200th Street West<br>Langley, BC V3A1K9<br>Canada | Purchase of Product | | 0.00 | |
| **ELLAS CLOTHES CLOSET Total** | | | | **0.00** | **Assumed** |

Error! Unknown document property name.

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| FASHION LOGISTICS, INC | 45 Enterprise Avenue Secaucus, NJ 07094 | Product Storage and Distribution Services | | 0.00 | |
| **FASHION LOGISTICS, INC Total** | | | | **0.00** | **Assumed** |
| FASHION OUTLETS OF NIAGARA, LLC | C O The Talisman Companies 4000 Ponce De Leon Blvd Ste 420 Coral Gables, FL 33146 | Retail Lease | 08/07/2009 | 13,017.48 | |
| | | Niagara Falls Store | 09/01/2009 | 4,030.65 | |
| **FASHION OUTLETS OF NIAGARA, LLC Total** | | | | **17,048.13** | **Assumed** |
| FEINSTEINS | 5600 Kavanaugh Blvd. Little Rock, AR 72207 | Purchase of Product | | 0.00 | |
| **FEINSTEINS Total** | | | | **0.00** | **Assumed** |
| FIFTH AVENUE OF LONG ISLAND REALTY | American Manasset 2110 Northern Blvd Manhasset, NY 11030 | Retail Lease - Manhasset Store | 08/03/2009 | 18,000.00 | Amendments of store lease negotiated with landlord |
| | | Advertising Placement (Circular) | | | |
| | | Event Participation | 12/01/2009 | 259.02 | Assumed |
| **FIFTH AVENUE OF LONG ISLAND REALTY Total** | | | | **18,259.02** | **Assumed as Amended** |
| FIRST QUALITY MAINTENANCE | 70 West 36th St New York, NY 10018 | Office Cleaning Services | 07/31/2009 | 3,082.52 | |
| | | | 08/01/2009 | 3,082.52 | |
| **FIRST QUALITY MAINTENANCE Total** | | | | **6,165.04** | **Assumed** |
| FIRST VERMONT BANK AND TRUST COMPANY (N/K/A TD BANK, N.A.) | 58 Bonner Street Manchester, VT 05255 | SNDA (Manchester Store Lease) | | 0.00 | |
| **FIRST VERMONT BANK AND TRUST COMPANY (N/K/A TD BANK, N.A.) Total** | | | | **0.00** | **Assumed** |
| FISHER CORP MISS J DPT. 26 | 1974 Utica Square Tulsa, OK 74114 | Purchase of Product | | 0.00 | |
| **FISHER CORP MISS J DPT. 26 Total** | | | | **0.00** | **Assumed** |
| FORUM SHOPS, LLC | National City Center 115 West Washington St. Indianapolis, IN 46204 | Retail Lease Las Vegas Store | | 0.00 | |
| **FORUM SHOPS, LLC Total** | | | | **0.00** | **Assumed** |
| G G META CORP GIULIANA | 1485 East Valley Road Montecito, CA 93108 | Purchase of Product | | 0.00 | Assumed |
| **G G META CORP GIULIANA Total** | | | | **0.00** | **Assumed** |
| GARMANY OF RED BANK INC | 121 Broad St. Redbank, NJ 07701 | Purchase of Product | | 0.00 | Assumed |
| **GARMANY OF RED BANK INC Total** | | | | **0.00** | **Assumed** |

**Error! Unknown document property name.**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| GAZEBO LTD | 107 Reynold Village Winston Salem, NC 27106 | Purchase of Product | | 0.00 | Assumed |
| **GAZEBO LTD Total** | | | | **0.00** | **Assumed** |
| GENERAL ELECTRIC CAPITAL CORPORATION | 1961 Hirst Drive Moberly, MO 65270 | Office Equipment Lease | | 0.00 | Rejected |
| **GENERAL ELECTRIC CAPITAL CORPORATION Total** | | | | **0.00** | **Rejected** |
| GENERAL INFORMATION SERVICES | P.O. Box 353 Chapin, SC 29036 | Employee Screening Services | 07/31/2009 | 1,347.50 | Assumed |
| | | | 08/31/2009 | 879.60 | Assumed |
| **GENERAL INFORMATION SERVICES Total** | | | | **2,227.10** | **Assumed** |
| GGP ALA MOANA, LLC | 1585 Kapiolani Blvd Ste 800 Honolulu, HI 96814 | Retail Lease - Hawaii Store | 08/07/2009 | 735.44 | Assumed |
| | | Storage Space Agreement | 09/08/2009 | 336.66 | Assumed |
| | | | 11/01/2009 | 24.81 | |
| **GGP ALA MOANA, LLC Total** | | | | **1,096.91** | **Assumed** |
| GISELLE SPORTSWEAR INC | 143 Orchard Street New York, NY 10002 | Purchase of Product | | 0.00 | |
| **GISELLE SPORTSWEAR INC Total** | | | | **0.00** | **Assumed** |
| GRANT MCCARTHY GROUP, LLC | 777 Westchester Ave., St. 201 White Plains, NY 10604 | Tax Consulting Services | | 0.00 | |
| **GRANT MCCARTHY GROUP, LLC** | | | | **0.00** | **Assumed** |
| GRUEN ASSOCIATES | 6330 San Vicente Blvd Ste 200 Los Angeles, CA 90048 | Architectural Services | 11/19/2008 | (12,191.27) | |
| | | | 05/12/2009 | 15,408.79 | |
| **GRUEN ASSOCIATES Total** | | | | **3,217.52** | **Rejected** |
| GUS MAYER | 604 Brookwood Village Birmingham, AL 35209 | Purchase of Product | | 0.00 | |
| **GUS MAYER Total** | | | | **0.00** | **Assumed** |
| HANG CHIH INC IBA | K10 W Valley Blvd. No. 130 San Gabriel, CA 91776 | Purchase of Product | | 0.00 | |
| **HANG CHIH INC IBA Total** | | | | **0.00** | **Assumed** |
| HAWAII MALLS, INC. | 560 North Nimitz Highway, Suite 206 A Honolulu, HI 96817 | Advertising Placement (duratrans) | | 0.00 | |
| **HAWAII MALLS, INC. Total** | | | | **0.00** | **Assumed** |
| HEIDE & COOK | 1714 Kanakanui St. Honolulu, HI 96819 | HVAC Maintenance | | 0.00 | |
| **HEIDE & COOK Total** | | | | **0.00** | **Assumed** |

**Error! Unknown document property name.**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| HIGHLAND PARK SHOPPING VILLAGE | 47 Highland Park Village Ste 200 Dallas, TX 75205 | Retail Lease | 09/01/2009 | 4,680.51 | |
| | | Highland Park Village | 11/01/2009 | 4,439.28 | |
| | | | 12/01/2009 | 120.14 | |
| **HIGHLAND PARK VILLAGE PARTNERS Total** | | | | **9,239.93** | **Assumed** |
| HS ASSET MANAGEMENT GROUP | 5105 Paulsen St Ste 200A Savannah, GA 31405 | Project Management Services | 08/28/2009 | 3,034.14 | |
| **HS ASSET MANAGEMENT GROUP Total** | | | | **3,034.14** | **Assumed** |
| IBM CORP | 1 New Orchard Rd Armonk, NY 10504 | Hardware & Software Maintenance | 07/06/2009 | 1,667.09 | |
| | | Hardware & Software Maintenance | | 0.00 | |
| **IBM CORP Total** | | | | **1,667.09** | **Assumed** |
| IDHASOFT, INC | 5655 Peachtree Pkwy Ste 200 Norcross, GA 30092 | Software Maintenance | 06/25/2009 | 868.75 | |
| **IDHASOFT, INC Total** | | | | **868.75** | **Assumed** |
| IMPERIAL COMMERCIAL CLEANING | 19390 Collins Ave Ste 504 Sunny Isles, FL 33160 | Cleaning Services | 07/30/2009 | (215.75) | |
| | | | 08/01/2009 | 1,378.70 | |
| **IMPERIAL COMMERCIAL CLEANING Total** | | | | **1,162.95** | **Assumed** |
| JACOBSON STORES INC | 329 N Park Avenue Ste No. 101 Winter Park, FL 32789 | Purchase of Product | | 0.00 | |
| **JACOBSON STORES INC Total** | | | | **0.00** | **Assumed** |
| JEAN HUTCHINSON INC | 51 East Putnam Ave. Greenwich, CT 06830 | Purchase of Product | | 0.00 | |
| **JEAN HUTCHINSON INC Total** | | | | **0.00** | **Assumed** |
| JEAN WYMAN LTD | 2901 Clint Moore Rd., No. 102 Boca Raton, FL 33496 | Purchase of Product | | 0.00 | |
| **JEAN WYMAN LTD Total** | | | | **0.00** | **Assumed** |
| JEFFERY KONG | Sebastian Platz 9 Munchen 80333, Germany | Employment Agreement | | 0.00 | |
| **JEFFERY KONG Total** | | | | **0.00** | **Rejected** |
| JOE BRAND INC | 5300 San Dario Ave. Laredo, TX 78041 | Purchase of Product | | 0.00 | |
| **JOE BRAND INC Total** | | | | **0.00** | **Assumed** |
| JOHN B MALOUF INC | 8201 Quaker Ave., No. 106 Lubbock, TX 79424 | Purchase of Product | | 0.00 | |
| **JOHN B MALOUF INC Total** | | | | **0.00** | **Assumed** |

Error! Unknown document property name.

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| JONES & JONES | 4500 North 10th St., Suite 90 McAllen, TX 78504 | Purchase of Product | | 0.00 | |
| **JONES & JONES Total** | | | | **0.00** | **Assumed** |
| JULIAN GOLD AUSTIN | 1214 West 6th St. Austin, TX 78703 | Purchase of Product | | 0.00 | |
| **JULIAN GOLD AUSTIN Total** | | | | **0.00** | **Assumed** |
| JULIAN GOLD CORPUS CHRISTI | 3840 South Alameda Corpus Christi, TX 78411 | Purchase of Product | | 0.00 | |
| **JULIAN GOLD CORPUS CHRISTI Total** | | | | **0.00** | **Assumed** |
| JULIAN GOLD MIDLAND | 2101 West Wadley Suite 16 Midland, TX 79705 | Purchase of Product | | 0.00 | |
| **JULIAN GOLD MIDLAND Total** | | | | **0.00** | **Assumed** |
| JULIAN GOLD SAN ANTONIO | 4109 McCullough San Antonio, TX 78212 | Purchase of Product | | 0.00 | |
| **JULIAN GOLD SAN ANTONIO Total** | | | | **0.00** | **Assumed** |
| JULIE PHILLIPS ASSOC INC | 1180 08 Uptown Park Blvd. Houston, TX 77056 | Purchase of Product | | 0.00 | |
| **JULIE PHILLIPS ASSOC INC Total** | | | | **0.00** | **Assumed** |
| LA CHIC | 315 8th Ave. SW No. 252 Bankers Hall Calgary AB T2P4K1 Canada | Purchase of Product | | 0.00 | |
| **LA CHIC Total** | | | | **0.00** | **Assumed** |
| LEIGHS OF WEST MICHIGAN | 1942 Breton Road SE Grand Rapids, MI 49506 | Purchase of Product | | 0.00 | |
| **LEIGHS OF WEST MICHIGAN Total** | | | | **0.00** | **Assumed** |
| LOOK FOR FASHIONS INC | 8733 Countryside Plaza Omaha, NE 68114 | Purchase of Product | | 0.00 | |
| **LOOK FOR FASHIONS INC Total** | | | | **0.00** | **Assumed** |
| LVP ST. AUGUSTINE OUTLETS LLC | CO Prime Retail LP 217 Redwood Street Baltimore, MD 21202 | Retail License St. Augustine Store | 08/05/2009 | 1,718.26 | |
| | | | 09/03/2009 | 783.07 | |
| **LVP ST. AUGUSTINE OUTLETS LLC Total** | | | | **2,501.33** | **Assumed** |
| LYNDONS | 2000 N. Rock Rd., Suite 130 Wichita, KS 67206 | Purchase of Product | | 0.00 | |
| **LYNDONS Total** | | | | **0.00** | **Assumed** |
| MAISON WEISS INC | 4500 Interstate 55 North Jackson, MS 39211 | Purchase of Product | | 0.00 | |
| **MAISON WEISS INC Total** | | | | **0.00** | **Assumed** |

**Error! Unknown document property name.**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| MARHEN CLEANING, INC. | Po Box 564603 College Point, NY 11356 | Cleaning Services | 08/02/2009 | 1,891.94 | |
| | | | 08/30/2009 | 640.08 | |
| **MARHEN CLEANING, INC. Total** | | | | **2,532.02** | **Assumed** |
| MARIOLA | 916 Corydon Ave. Winnepeg MB R3M0Y5 Canada | Purchase of Product | | 0.00 | |
| **MARIOLA Total** | | | | **0.00** | **Assumed** |
| MARSHS | 270 Main St. Huntington, NY 11743 | Purchase of Product | | 0.00 | |
| **MARSHS Total** | | | | **0.00** | **Assumed** |
| MARTI | 16 8 West King St. Lancaster, PA 17603 | Purchase of Product | | 0.00 | |
| **MARTI Total** | | | | **0.00** | **Assumed** |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | Attn: Mortgage Loan Administration Real Estate Finance Group 1500 Main Street, Suite 2100 Springfield, MA 01115 | SNDA (Phoenix Store Lease) | | 0.00 | |
| **MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY Total** | | | | **0.00** | **Assumed** |
| MEGAPATH INC. | 555 Anton Blvd Ste 200 Costa Mesa, CA 92626 | Internet Service Provider | 08/01/2009 | 245.46 | |
| **MEGAPATH INC. Total** | | | | **245.46** | **Assumed** |
| MENEHUNE WATER COMPANY, INC. | 99-1205 Halawa Valley St Aiea, HI 96701 | Water Cooler Lease | 07/01/2009 | 15.55 | |
| | | | 07/09/2009 | 15.00 | |
| | | | 07/22/2009 | (5.00) | |
| | | | 08/01/2009 | 15.55 | |
| | | | 08/06/2009 | 31.00 | |
| **MENEHUNE WATER COMPANY, INC. Total** | | | | **72.10** | **Assumed** |
| MICROFOCUS | 400 Interstate parkway, Suite 1650 Atlanta, GA 30339 | Software Maintenance | | 0.00 | |
| **MICROFOCUS Total** | | | | **0.00** | **Assumed** |
| MILANO HANDBAG & LUGGAGE | 928 S Western Ave. No. 211 Los Angeles, CA 90006 | Purchase of Product | | 0.00 | |
| **MILANO HANDBAG & LUGGAGE Total** | | | | **0.00** | **Assumed** |
| MIRAMAR OUTLET WEST, LLC | 10801 Corkscrew Rd. Suite 305 Estero, FL 33928 | Retail Lease Miramar Store | | 0.00 | |
| **MIRAMAR OUTLET WEST, LLC Total** | | | | **0.00** | **Assumed** |

**Error! Unknown document property name.**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| MITCHELLS | 670 Post Rd. East Westport, CT 06880 | Purchase of Product | | 0.00 | |
| **MITCHELLS Total** | | | | **0.00** | **Assumed** |
| MR OOLEYS INC | 1901 N W Expressway, Suite 1023 Oklahoma City, OK 73118 | Purchase of Product | | 0.00 | |
| **MR OOLEYS INC Total** | | | | **0.00** | **Assumed** |
| MUTUAL CENTRAL ALARM SERVICES, INC | 10 West 46th St New York, NY 10036 | Alarm Monitoring Services at NJ Store | 08/01/2009 | 2,094.66 | |
| | | Alarm Monitoring, Card Access and CCTV Services at Corporate Office | | | |
| **MUTUAL CENTRAL ALARM SERVICES, INC Total** | | | | **2,094.66** | **Assumed** |
| NANONATION, INC. | 301 South 13th St., No. 700 Lincoln, NE 68508 | Digital Monitor Maintenance | | 0.00 | |
| **NANONATION, INC. Total** | | | | **0.00** | **Assumed** |
| NATURE'S BEST | 900 Manatee Way Hollywood, FL 33019 | Water Cooler Lease | | 0.00 | |
| **NATURE'S BEST Total** | | | | **0.00** | **Rejected** |
| NEIMAN MARCUS, INC.[4] | One Marcus Square 1618 Main St Dallas, TX 75201 | Purchase of Product Agreement | | 13,250.00 | |
| | | DSA Support Agreement | | 0.00 | |
| **NEIMAN MARCUS, INC. Total** | | | | **13,250.00** | **Assumed** |
| NEW EDGE NETWORK | 3000 Columbia House Blvd., Suite 106 Vancouver, WA 98661 | Internet Service Provider | | 0.00 | |
| **NEW EDGE NETWORK Total** | | | | **0.00** | **Rejected** |
| NPA COMPUTERS, INC | 751 Coates Ave Holbrook, NY 11741 | Hardware Maintenance | 07/21/2009 | 1,900.79 | |
| **NPA COMPUTERS, INC Total** | | | | **1,900.79** | **Assumed** |
| NYC PRIME REALTY INC | 500 Fifth Ave. New York, NY 10110 | Real Estate Broker Services | | 0.00 | |
| **NYC PRIME REALTY INC Total** | | | | **0.00** | **Rejected** |
| OAK HALL INC | 6150 Poplar Ave. Memphis, TN 38119 | Purchase of Product | | 0.00 | |
| **OAK HALL INC Total** | | | | **0.00** | **Assumed** |

---

[4]     The cure amounts listed with respect to these Assumed Contracts are not meant to affect the liabilities to be assumed by Purchasers as set forth in the Agreement in Schedule 1.1(e) Customer Programs.  The Debtor is responsible for paying the Cure Amount set forth herein.

**Error! Unknown document property name.**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| ORLANDO OUTLET OWNER LLC | C O Prime Realty Property Management LLC 217 E. Redwood St. Baltimore, MD 21202 | Retail Lease | | 0.00 | |
| **ORLANDO OUTLET OWNER LLC Total** | | | | **0.00** | **Assumed** |
| PALM BEACH CAPITAL MANAGEMENT, INC. | 73-811 El Paseo Palm Desert, CA 92260 | Retail Lease Palm Desert Store | | 0.00 | |
| **PALM BEACH CAPITAL MANAGEMENT, INC. Total** | | | | **0.00** | **Rejected** |
| PASEO ESCADA LLC | 9 Point Loma Dr. Corona Del Mar, CA 92625 | Retail Lease Palm Desert Store | | 0.00 | Amendments being negotiated with landlord as Amended |
| **PASEO ESCADA LLC Total** | | | | **0.00** | **Assumed** |
| PAYMENTECH, L.P. | 1601 Elm St. Dallas, TX 75201 | Credit Card Processing Services | | 0.00 | |
| **PAYMENTECH, L.P. Total** | | | | **0.00** | **Assumed** |
| PITNEY BOWES MANAGEMENT | Pitney Bowes 1019 Waimanu St No 104 Honolulu, HI 96814 | Postage Meter Lease | 07/31/2009 | 2,975.39 | |
| **PITNEY BOWES MANAGEMENT Total** | | | | **2,975.39** | **Assumed** |
| PITNEY BOWES CREDIT CORPORATION | Pitney Bowes Purchase Power 27 Waterview Dr Shelton, CT 06484 | Office Equipment Lease | 08/03/2009 | 5,650.03 | |
| **PITNEY BOWES CREDIT CORPORATION Total** | | | | **5,650.03** | **Assumed** |
| PLAYNETWORK, INC | Playnetwork, Inc 8727 148th Ave NE Redmond, WA 98052 | Music Subscription Service | 07/01/2009 | 177.24 | |
| | | | 08/01/2009 | 319.14 | |
| **PLAYNETWORK, INC Total** | | | | **496.38** | **Assumed** |
| POTAMKIN CADILLAC | 798 11th Avenue New York, NY 10019 | Motor Vehicle Lease | | 0.00 | |
| **POTAMKIN CADILLAC Total** | | | | **0.00** | **Assumed** |
| PRIME MARKETS AT SAN MARCOS II LIMITED PARTNERSHIP | 217 East Redwood Street Baltimore, MD 21202 | Retail Lease | | 0.00 | |
| **PRIME MARKETS AT SAN MARCOS II LIMITED PARTNERSHIP Total** | | | | **0.00** | **Assumed** |
| PROTECTION ONE | Po Box 49292 Wichita, KS 67201-9292 | Alarm Monitoring at Palm Desert Store | 07/21/2009 | 59.00 | |
| | | | 08/02/2009 | 205.58 | |
| **PROTECTION ONE Total** | | | | **264.58** | **Assumed** |
| QUENCH USA | 517 Commerce St. Franklin Lakes, NJ 07417 | Water Cooler Rental | | 0.00 | |
| **QUENCH USA Total** | | | | **0.00** | **Assumed** |

Error! Unknown document property name.

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| RAYMARK XPERT BUSINESS SYSTEMS INC | 8000 Decarie Blvd. Suite 200 Montreal, QU H4P2S4 Canada | POS Hardware Maintenance | | 0.00 | |
| **RAYMARK XPERT BUSINESS SYSTEMS INC Total** | | | | **0.00** | **Assumed** |
| RECALL NORTH AMERICA | 180 Technology Parkway Norcross, GA 30092 | Data Storage | | 0.00 | |
| **RECALL NORTH AMERICA Total** | | | | **0.00** | **Assumed** |
| RICHARDS OF GREENWICH | 359 Greenwich Ave. Greenwich, CT 06830 | Purchase of Product | | 0.00 | |
| **RICHARDS OF GREENWICH Total** | | | | **0.00** | **Assumed** |
| RONALD M DRUKER & DAVID C BELL, as TRUSTEES OF THE HERITAGE COMMERCIAL REALTY TRUST | C O The Druker Company Ltd 50 Federal Street Boston, MA 02110 | Retail Lease Boston Store | | 0.00 | |
| **RONALD M DRUKER & DAVID C BELL, as TRUSTEES OF THE HERITAGE COMMERCIAL REALTY TRUST Total** | | | | **0.00** | **Assumed** |
| ROSENTHAL FURS INC | 341 Town Square Main St. Highlands, NC 28741 | Purchase of Product | | 0.00 | |
| **ROSENTHAL FURS INC Total** | | | | **0.00** | **Assumed** |
| ROYAL BANK OF SCOTLAND | Attn: Mortgage Loan Department C O Greenwich Capital Financial Products Inc. 600 Steamboat Road Greenwich, CT 06830 | SNDA (New York Store Lease) | | 0.00 | |
| **ROYAL BANK OF SCOTLAND Total** | | | | **0.00** | **Assumed** |
| SAKS FIFTH AVENUE[5] | 12 East 49th St. 9th Floor New York, NY 10017 | Purchase of Product | | 0.00 | |
| | | Purchase of Support | | | |
| **SAKS FIFTH AVENUE Total** | | | | **0.00** | **Assumed** |
| SAKS JANDEL MD | 5510 Wisconsin Ave. Chevy Chase, MD 20815 | Purchase of Product | | 0.00 | |
| **SAKS JANDEL MD Total** | | | | **0.00** | **Assumed** |
| SAWGRASS MILLS PHASE IV | C O The Mills Corporation 1300 Wilson Blvd. St. 400 Arlington, VA 22209 | Retail Lease Sawgrass Mills Store | | 0.00 | |
| **SAWGRASS MILLS PHASE IV Total** | | | | **0.00** | **Assumed** |

[5]     The cure amounts listed with respect to these Assumed Contracts are not meant to affect the liabilities to be assumed by Purchasers as set forth in the Agreement in Schedule 1.1(e) Customer Programs.  The Debtor is responsible for paying the Cure Amount set forth herein.

**Error! Unknown document property name.**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| SCHINDLER ELEVATOR CORPORATION | 20 Whippany Rd<br>Morristown, NJ 07962-1935 | Elevator Maintenance | 08/01/2009 | 317.71 | |
| **SCHINDLER ELEVATOR CORPORATION Total** | | | | **317.71** | **Assumed** |
| SECAUCUS OUTLET ASSOCIATES, LLC | C O Foxwood Realty Services LLC<br>55 Hartz Way<br>Secaucus, NJ 07094 | Retail Lease<br>Secaucus Outlet Store | | 0.00 | |
| **SECAUCUS OUTLET ASSOCIATES, LLC Total** | | | | **0.00** | **Assumed** |
| SECOND HORIZON GROUP LIMITED PARTNERSHIP | C O Prime Retail LP<br>217 East Redwood St.<br>Baltimore, MD | Retail License | 09/03/2009 | 124.15 | |
| **SECOND HORIZON GROUP LIMITED PARTNERSHIP Total** | | | | **124.15** | **Assumed** |
| SHARED TECHNOLOGY | 1405 South Beltline Rd.<br>Coppell, TX 75019 | Hardware Maintenance | | 0.00 | |
| **SHARED TECHNOLOGY Total** | | | | **0.00** | **Assumed** |
| SHERWOODS INC | 101 1st Ave. SW, Suite 16<br>Rochester, MN 55902 | Purchase of Product | | 0.00 | |
| **SHERWOODS INC Total** | | | | **0.00** | **Assumed** |
| SHIFT4 CORPORATION | 1491 Center Crossing Rd.<br>Las Vegas, NV 89144 | Credit Card Processing Services | | 0.00 | |
| **SHIFT4 CORPORATION Total** | | | | **0.00** | **Assumed** |
| SONITROL OF HAWAII LLC | 1724 Hart St<br>Honolulu, HI 96819 | Alarm Monitoring at Honolulu Store | 08/07/2009 | 176.96 | |
| **SONITROL OF HAWAII LLC Total** | | | | **176.96** | **Assumed** |
| SOUTH COAST PLAZA | 3333 Bristol St<br>Costa Mesa, CA 92626 | Retail Lease<br>Costa Mesa Store<br>Storage Space Lease | 09/01/2009 | 30,901.96 | Amendments negotiated with landlord |
| **SOUTH COAST PLAZA Total** | | | | **30,901.96** | **Assumed<br>as Amended** |
| SOUTHWEST SIGN COMPANY | 1611 Jenks Dr<br>Corona, CA 92880 | Purchase of Signage | 07/24/2009 | 932.53 | |
| | | | 07/25/2009 | 2,619.85 | |
| **SOUTHWEST SIGN COMPANY Total** | | | | **3,552.38** | **Assumed** |
| SPECTRA LOGIC CORPORATION | 1700 North 55th St.<br>Boulder, CO 80301 | Hardware Maintenance | | 0.00 | |
| **SPECTRA LOGIC CORPORATION Total** | | | | **0.00** | **Assumed** |
| STANLEY KORSHAK | 500 Crescent Court, Suite 100<br>Dallas, TX 75201 | Purchase of Product | | 0.00 | |
| **STANLEY KORSHAK Total** | | | | **0.00** | **Assumed** |

**Error! Unknown document property name.**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| STERLING COMMERCE, INC. | 4600 Lakehurst Ct. Dublin, OH 43016 | Software Maintenance | | 0.00 | |
| **STERLING COMMERCE, INC. Total** | | | | **0.00** | **Assumed** |
| STYD, LP | C O U.S. Equities Realty 20 North Michigan Ave. Chicago, IL 60602 | Retail Sublease | | 0.00 | |
| **STYD, LP Total** | | | | **0.00** | **Assumed** |
| SUNGARD RECOVERY SERVICES LP | 1285 Drummers Lane Wayne, PA 19087 | Data Back-Up and Recovery Services | | 0.00 | |
| **SUNGARD RECOVERY SERVICES LP Total** | | | | **0.00** | **Rejected** |
| SYNCSORT | 50 Tice Blvd. Woodcliff Lake, NJ 07677 | Software Maintenance | | 0.00 | |
| **SYNCSORT Total** | | | | **0.00** | |
| TAX FREE SHOPPING | 1030 NorthPark Center Dallas, TX 75225 | Sales Tax Refund Service | | 0.00 | |
| **TAX FREE SHOPPING Total** | | | | **0.00** | **Assumed** |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA | Attention: Director, Portfolio Management 730 Third Avenue New York, New York 100 17 Mortgage and Real Estate Application #: MA-445 Mortgage #I: M-0004 16000 | SNDA (Boston Store Lease) | | 0.00 | |
| **TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA Total** | | | | **0.00** | **Assumed** |
| THE PORCUPINE LTD | PO 5465 / The Village at Wexford E4 Hilton Head, SC 29928 | Purchase of Product | | 0.00 | |
| **THE PORCUPINE LTD Total** | | | | **0.00** | **Assumed** |
| TRES MARIPOSAS | 5857 North Mesa El Paso, TX 79912 | Purchase of Product | | 0.00 | |
| **TRES MARIPOSAS Total** | | | | **0.00** | **Assumed** |
| TRUSTEES OF ARLINGTON BOYLSTON REALTY TRUST | c/o The Druker Company Ltd. 50 Federal Street Suite 1000 Boston, MA  02110 | Retail Store Boston Store | | 0.00 | |
| TRUSTEES OF ARLINGTON BOYLSTON REALTY TRUST | | | | 0.00 | Assumed |

**Error! Unknown document property name.**

| COUNTERPARTY | ADDRESS | DESCRIPTION | INVOICE DATE[3] | CURE AMOUNT | DESIGNATION / NOTES |
|---|---|---|---|---|---|
| TOWN OF MANCHESTER, VERMONT | P.O. Box 909<br>Manchester Center, Vermont 05255 | Nondisturbance Agreement (Manchester Store Lease) | | 0.00 | |
| **TOWN OF MANCHESTER, VERMONT Total** | | | | **0.00** | **Assumed** |
| UNITED OVERSEAS BANK LIMITED | Attn: Senior Vice President and General Manager<br>777 South Figueroa Street<br>Los Angeles, CA 90017 | SNDA (Beverly Hills Store) | | 0.00 | |
| **UNITED OVERSEAS BANK LIMITED Total** | | | | **0.00** | **Assumed** |
| United Parcel Service Inc. | Senior Account Executive<br>47 Hartz Way<br>Secaucus, NJ 07094 | Carrier Agreement | | 0.00 | |
| **United Parcel Service Inc.** | | | | **0.00** | **Assumed** |
| U S EQUITIES REALTY, INC. | 20 North Michigan Ave., Suite 400<br>Chicago, IL 60602 | Retail Lease<br>Chicago Store | | 0.00 | Amendments negotiated with landlord |
| **U S EQUITIES REALTY, INC. Total** | | | | **0.00** | **Assumed as Amended** |
| VANDERBILT MPD CORP | 1601 Depot St<br>Manchester Center, VT 05255 | Retail Lease | 10/01/2009 | (3,835.95) | |
| | | Manchester Center Store | 11/01/2009 | (66.96) | |
| | | | (blank) | (2,332.90 ) | |
| **VANDERBILT MPD CORP Total** | | | | **(1,570.01)** | **Assumed** |
| VERIZON WIRELESS | HQ-Legal Contract Administration<br>One Verizon Way<br>Basking Ridge, NJ 07920 | Wireless Cellular Service Agreement | | 0.00 | |
| **VERIZON WIRELESS Total** | | | | **0.00** | **Assumed** |
| WAVE2WAVE,NEW YORK, INC. | 433 Hackensack Ave<br>Hackensack, NJ 07601 | Internet Access Provider | 07/01/2009 | (600.00) | |
| **WAVE2WAVE,NEW YORK, INC. Total** | | | | **(600.00)** | **Assumed** |
| WORTH – PONDFIELD LLC | 97 77 Queens Blvd. Suite 710<br>Rego Park, NY 11374 | Retail Lease | | 0.00 | |
| **WORTH – PONDFIELD LLC Total** | | | | **0.00** | **Assumed** |
| ZITA INC | 211 E. Silver Spring Dr.<br>Whitefish Bay, WI 53217 | Purchase of Product | | 0.00 | |
| **ZITA INC Total** | | | | **0.00** | **Assumed** |
| **GRAND TOTAL** | | | | **$226,527.82** | |

**Error! Unknown document property name.**

**Exhibit C**
**Objecting Landlords**

# Exhibit C

## Objecting Landlords

| COUNTERPARTY | ADDRESS | DESCRIPTION | CURE AMOUNT PER DEBTOR | DISPUTED CURE AMOUNT PER LANDLORD | OBJECTION FILED BY/ REPRESENTED BY |
|---|---|---|---|---|---|
| B W HOTEL LLC | 9500 Wilshire Blvd. Beverly Hills, CA 90212 | Retail Lease Beverly Hills Store | 0.00<br><br>After receiving the objection and re-reviewing its books and records, the Debtor has determined that the correct cure amount should be $2,105.06. | $7,060.01 | Beverly Wilshire Hotel Company Morrison & Foerster LLP Karen Ostad, Esq. 1290 Avenue of the Americas New York, NY 10104 (212) 468-8000 |
| BILTMORE SHOPPING CENTER PARTNERS LLC | 2502 East Camelback Road Phoenix, AZ 85016 | Retail Lease Biltmore Store/Phoenix | 0.00 | ---- | Informal objection made to counsel for the Debtor.<br><br>Katten Muchin Rosenman LLP Dustin P. Branch 2029 Century Park East Suite 2600 Los Angeles, CA 90067-3012 (310) 788-4420 |
| CPG HOUSTON HOLDINGS, LP | C O Chelsea Property Group Inc 105 Eisenhower Parkway Roseland, NJ 07068 | Retail License Woodbury Commons Store | 0.00 | ---- | Simon Property Group, Inc. Ronald M. Tucker, Bankruptcy Counsel 225 West Washington Street Indianapolis, Indiana 46204 (317) 263-2346 |
| CPG PARTNERS, L.P. | C O Chelsea Property Group Inc 105 Eisenhower Pkwy Roseland, NJ 07068 | Retail Lease Houston Store | 293.55 | ---- | Simon Property Group, Inc. Ronald M. Tucker, Bankruptcy Counsel 225 West Washington Street Indianapolis, Indiana 46204 (317) 263-2346 |

| COUNTERPARTY | ADDRESS | DESCRIPTION | CURE AMOUNT PER DEBTOR | DISPUTED CURE AMOUNT PER LANDLORD | OBJECTION FILED BY/ REPRESENTED BY |
|---|---|---|---|---|---|
| FORUM SHOPS, LLC | National City Center<br>115 West Washington St.<br>Indianapolis, IN 46204 | Retail Lease<br>Las Vegas Store | 0.00 | ---- | Simon Property Group, Inc.<br>Ronald M. Tucker, Bankruptcy Counsel<br>225 West Washington Street<br>Indianapolis, Indiana 46204<br>(317) 263-2346 |
| GGP ALA MOANA, LLC | 1585 Kapiolani Blvd<br>Ste 800<br>Honolulu, HI 96814 | Retail Lease - Hawaii Store and Storage Space Agreement | 1,096.91 | 5,185.41 | Kelley Drye & Warren LLP<br>James E. Farrah, Esq.<br>Robert L. LeHane, Esq.<br>101 Park Avenue<br>New York, NY 10178<br>(212) 808-7740 |
| LVP ST. AUGUSTINE OUTLETS LLC | Prime Outlets at St. Augustine<br>510 Prime Outlets Blvd.<br>Suite 1070<br>St. Augustine, FL 32084 | Retail License<br>St. Augustine Store | 2,501.33 | 3,113.97 | Menter, Rudin & Trivelpiece, P.C.<br>Kevin M. Newman, Esq.<br>James C. Thoman, Esq.<br>308 Maltbie Street, Suite 200<br>Syracuse, New York 13204<br>(315) 474-7541<br><br>Local Counsel:<br>Kelley Drye & Warren LLP<br>James E. Farrah, Esq.<br>Robert L. LeHane, Esq.<br>101 Park Avenue<br>New York, NY 10178<br>(212) 808-7740 |

| COUNTERPARTY | ADDRESS | DESCRIPTION | CURE AMOUNT PER DEBTOR | DISPUTED CURE AMOUNT PER LANDLORD | OBJECTION FILED BY/ REPRESENTED BY |
|---|---|---|---|---|---|
| ORLANDO OUTLET OWNER LLC | C O Prime Realty Property Management LLC 217 E. Redwood St. Baltimore, MD 21202 | Retail Lease | 0.00 | ---- | Menter, Rudin & Trivelpiece, P.C. Kevin M. Newman, Esq. James C. Thoman, Esq. 308 Maltbie Street, Suite 200 Syracuse, New York 13204 (315) 474-7541<br><br>Local Counsel: Kelley Drye & Warren LLP James E. Farrah, Esq. Robert L. LeHane, Esq. 101 Park Avenue New York, NY 10178 (212) 808-7740 |
| PRIME OUTLETS AT SAN MARCOS II LIMITED PARTNERSHIP | C O Prime Realty Property Management LLC 217 E. Redwood St. Baltimore, MD 21202 | Retail Lease | ---- | 1,800.00 | Menter, Rudin & Trivelpiece, P.C. Kevin M. Newman, Esq. James C. Thoman, Esq. 308 Maltbie Street, Suite 200 Syracuse, New York 13204 (315) 474-7541<br><br>Local Counsel: Kelley Drye & Warren LLP James E. Farrah, Esq. Robert L. LeHane, Esq. 101 Park Avenue New York, NY 10178 (212) 808-7740 |

| COUNTERPARTY | ADDRESS | DESCRIPTION | CURE AMOUNT PER DEBTOR | DISPUTED CURE AMOUNT PER LANDLORD | OBJECTION FILED BY/ REPRESENTED BY |
|---|---|---|---|---|---|
| RONALD M DRUKER & DAVID C BELL, as TRUSTEES OF THE HERITAGE COMMERCIAL REALTY TRUST | C O The Druker Company Ltd<br>50 Federal Street<br>Boston, MA 02110 | Retail Lease<br>Boston Store | 0.00<br><br>After receiving the objection and re-reviewing its books and records, the Debtor has determined that the correct cure amount should be $5,891.45. | 13,885.45 | Gouston & Storrs, P.C.<br>Christine D. Lynch, Esq.<br>Vanessa V. Peck, Esq.<br>400 Atlantic Avenue<br>Boston, MA 02110-3333<br>(617) 482-1776 |
| SAWGRASS MILLS PHASE IV | C O The Mills Corporation<br>1300 Wilson Blvd. St. 400<br>Arlington, VA 22209 | Retail Lease<br>Sawgrass Mills Store | 0.00 | ---- | Simon Property Group, Inc.<br>Ronald M. Tucker, Bankruptcy Counsel<br>225 West Washington Street<br>Indianapolis, Indiana 46204<br>(317) 263-2346 |
| SECOND HORIZON GROUP LIMITED PARTNERSHIP | C O Prime Retail LP<br>217 East Redwood St.<br>Baltimore, MD | Retail License | 0.00 | ---- | Menter, Rudin & Trivelpiece, P.C.<br>Kevin M. Newman, Esq.<br>James C. Thoman, Esq.<br>308 Maltbie Street, Suite 200<br>Syracuse, New York 13204<br>(315) 474-7541<br><br>Local Counsel:<br>Kelley Drye & Warren LLP<br>James E. Farrah, Esq.<br>Robert L. LeHane, Esq.<br>101 Park Avenue<br>New York, NY 10178<br>(212) 808-7740 |