**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **EUSA LIQUIDATION INC.,** | : | **Case No. 09-15008 (SMB)** |
| **(f/k/a Escada (USA) Inc.)** | : | |
| | : | |
| **Debtor.** | : | |
| | : | |

------------------------------------------------------------------- x

### FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER CONFIRMING THE AMENDED JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE BY THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code by the Debtor and the Official Committee of Unsecured Creditors, dated April 28, 2010 (attached hereto as <u>Exhibit A</u>, the "**Plan**"),[1] having been filed with this Court (the "**Court**") by EUSA Liquidation Inc. (f/k/a Escada (USA) Inc.), as debtor and debtor in possession in this case (the "**Debtor**"); and the Court having entered an order, after due notice and a hearing, on April 29, 2010 [Docket No. 324] (the "**Order Approving Disclosure Statement**"), pursuant to sections 105, 1125 and 1126 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 3017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (i) approving the Amended Disclosure Statement with respect to Joint Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code by the Debtor and Official Committee of Unsecured Creditors (the "**Disclosure Statement**"), (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (iii) scheduling a hearing on confirmation of the Plan (the "**Confirmation Hearing**") and (iv) approving related

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

notice procedures; and the Disclosure Statement having been transmitted to all Holders of Claims in Class 3 (the "**Voting Class**") as provided for by the Order Approving Disclosure Statement; and the Confirmation Hearing having been held before the Court on June 8, 2010, after due notice to Holders of Claims and Interests and other parties in interest in accordance with the Order Approving Disclosure Statement, the Bankruptcy Code and the Bankruptcy Rules; and after full consideration of: (i) the Declaration of Christian D. Marques in Support of Confirmation, filed on June 4, 2010 (the "**Marques Declaration**"), (ii) the Disclosure Statement, and (iii) the Affidavits of David M. Sharp with Respect to the Tabulation of Votes on the Amended Joint Plan of Liquidation of EUSA Liquidation Inc. (f/k/a Escada (USA) Inc.), filed on June 2, 2010 [Docket No. 348] and June 7, 2010 [Docket No. 353] (the "**Vote Tabulation**"), and the testimony contained therein, and (iv) all other evidence proffered or adduced, and arguments of counsel made, at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefore,

It hereby is DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).  The Court has jurisdiction over this Chapter 11 Case pursuant to sections 157 and 1334 of title 28 of the United States Code.  Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code.  Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2.      Commencement of the Chapter 11 Case.    On the Petition Date, the Debtor commenced a case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").   The Debtor has operated its businesses and managed its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee or examiner has been appointed in this Chapter 11 Case.

3.      ~~Judicial Notice.  The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed and orders entered thereon.  The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of this Chapter 11 Case.~~  **SMB 6/10/10**

4.      Burden of Proof.  The Debtor has  **SMB 6/10/10   met its**  ~~the~~ burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence.   ~~, and it has met that burden by clear and convincing evidence.  The testimony of Christian D. Marques on behalf of the Debtor was credible, reliable and qualified on the topics he addressed.~~

5.      Notice; Transmittal and Mailing of Materials.

(a)      Due, adequate and sufficient notice of the Disclosure Statement, the Plan and the Confirmation Hearing, along with the deadlines for voting on and filing objections to the Plan, has been given to all known Holders of Claims and Interests in accordance with the procedures set forth in the Order Approving Disclosure Statement, and no other or further notice is or shall be required;

(b)      The Disclosure Statement, Plan, Ballots and Order Approving Disclosure Statement were transmitted and served in compliance with the Order Approving Disclosure Statement and the Bankruptcy Rules, and such transmittal and service were adequate and

sufficient, and no further notice is or shall be required. All procedures used to distribute the solicitation packages to the Voting Classes were fair, and conducted in accordance with the Order Approving Disclosure Statement, Bankruptcy Code and the Bankruptcy Rules and all other applicable rules, laws and regulations;

(c)     Adequate and sufficient notice of the Confirmation Hearing and other bar dates described in the Order Approving Disclosure Statement and the Plan have been given in compliance with the Bankruptcy Rules and the Order Approving Disclosure Statement, and no other or further notice is or shall be required; and

(d)     The filing with the Court and service of the version of the Plan attached as Exhibit 1 to the Disclosure Statement, and the disclosure of any further modifications on the record of the Confirmation Hearing, constitute due and sufficient notice of the Plan and any modifications thereto.

6.     <u>Voting</u>.     Votes on the Plan were solicited after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code. As evidenced by the Vote Tabulation, votes to accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Order Approving Disclosure Statement, the Bankruptcy Code and the Bankruptcy Rules.

7.     <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.     The Plan complies with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan satisfies section 1129(a)(1) of the Bankruptcy Code.

8.     <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>.     In addition to Administrative Expense Claims and Priority Tax Claims that need not be classified, the Plan classifies four Classes of Claims and Interests. The Claims and Interests placed in each Class are

substantially similar to other Claims or Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, the classifications were not done for any improper purpose and such Classes do not unfairly discriminate between or among holders of Claims or Interests. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

9. <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Sections 2.1 and 2.3 of the Plan specify that Priority Non-Tax Claims are unimpaired. Accordingly, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

10. <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Sections 2.1 and 2.3 of the Plan designate Class 3 (Unsecured Claims) and Class 4 (Interests) as Impaired, and Sections 4.3 and 4.4 of the Plan specify the treatment of the Class 3 Claims and Class 4 Interests, respectively, under the Plan. Certain Holders of Allowed Claims in Class 2 (Miscellaneous Secured Claims) may be Impaired under the Plan. Section 4.2 of the Plan specifies the treatment of Class 2 Claims under the Plan. Holders of Allowed Claims in Class 2 will either receive payment in full of their Allowed Claims or the indubitable equivalent of their Allowed Claims (through the return to them of any Property securing their Allowed Claim and the provision of an Allowed General Unsecured Claim for any deficiency). Accordingly, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

11. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class, unless the Holder of a Claim or Interest has agreed to a less favorable treatment. Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

12. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan and the documents and agreements set forth in the Plan Supplement and described in the Plan provide adequate and proper means for the Plan's implementation.  The Plan contemplates the creation of a Liquidating Trust on the Effective Date, which will be responsible for making all distributions under the Plan and effecting the orderly wind-down of the Estate.  Accordingly, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

13. <u>Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6))</u>.  Since the Debtor is liquidating, this provision is inapplicable.

14. <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.  Pursuant to Section 9.1.1 of the Plan, the President, Treasurer and sole employee of the Debtor is Christian D. Marques.  Pursuant to Section 7.2 of the Plan, the Liquidating Trustee is identified as Clingman & Hanger Management Associates, LLC ("<u>Clingman</u>").  The Liquidating Trustee shall have the authority to take all necessary actions to dissolve the Debtor and withdraw the Debtor from applicable state(s).

15. <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6))</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

16. <u>Bankruptcy Rule 3016(a)</u>.  The Plan reflects the date it was filed with the Court and identifies the entities submitting it as Plan Proponents.  Accordingly, the Plan satisfies Bankruptcy Rule 3016(a).

17. <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The Debtor and the Committee, as the proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code.  Accordingly, the Plan satisfies section 1129(a)(2) of the Bankruptcy Code.

Specifically, among other things:

(a)     The Debtor is a proper debtor under section 109(d) of the Bankruptcy Code;

(b)     The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by order of the Court; and

(c)     The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Order Approving Disclosure Statement in (i) transmitting the Disclosure Statement, the Plan and related documents and notices, and (ii) soliciting and tabulating votes on the Plan.

18.     <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtor and the Committee have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  **SMB 6/10/10**  ~~The Debtor's and the Committee's good faith is evident from the facts and records of this Chapter 11 Case, the Disclosure Statement and the hearing thereon, the Marques Declaration, and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 Case~~.  The Plan was the product of arm's-length negotiations between the Debtor and the Committee, and supported by the Debtor's creditors.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's estate and to effectuate an effective liquidation of the Debtor.

19.     <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable.  Accordingly, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

20.     Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)).  The Plan complies with the requirements of section 1129(a)(5) of the Bankruptcy Code, because the Debtor identifies Christian D. Marques as the sole employee of the Debtor.  Clingman will be the Liquidating Trustee.  The nature of the process for any compensation to be received by any insider in winding down the Debtor has been disclosed.

21.     No Rate Changes (11 U.S.C. § 1129(a)(6)).  Section 1129(a)(6) of the Bankruptcy Code requires that any regulatory commission having jurisdiction over the rates charged by a reorganized debtor in the operation of its business approve any rate change provided for in a plan of reorganization.  The Debtor's business is not subject to any regulated rates.

22.     Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).  The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  **SMB 6/10/10**  ~~The Marques Declaration, the Vote Tabulation, the liquidation analysis set forth in Exhibit B of the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing:  (a) are persuasive and credible; (b) have not been controverted by other evidence; and (c) establish that~~  Each Holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

23.     Acceptance and Rejection by Certain Classes (11 U.S.C. § 1129(a)(8)).  Class 3 voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code.  **SMB 6/10/10**  ~~No classes voted against the Plan~~.  Class 2 consists of Miscellaneous Secured Claims. Certain Holders of Allowed Claims in Class 2 may be Impaired under the Plan, did not vote in favor of the Plan, and thus are deemed to have rejected the Plan.  Class 4 is not entitled to receive

or retain any property under the Plan and, therefore, is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Holders of Allowed Claims in Class 2 will either receive payment in full of their Allowed Claims or the indubitable equivalent of their Allowed Claims (through the return to them of any Property securing their Allowed Claim and the provision of an Allowed General Unsecured Claim for any deficiency). Accordingly, the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes.

24. <u>Treatment of Administrative, Priority Tax and Miscellaneous Priority Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Expense Claims pursuant to Section 3.1 of the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Section 3.2 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code. The treatment of Priority Non-Tax Claims pursuant to Section 4.1 of the Plan satisfied the requirements of section 1129(a)(9) of the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

25. <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>. Class 3 is an Impaired Class and has voted to accept the Plan, without including any acceptance of the Plan by any insider. As such, there is at least one Class of Claims against the Debtor that is Impaired under the Plan and has accepted the Plan, determined without including any acceptance of the Plan by any insider. Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

26. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan satisfies section 1129(a)(11) because it provides for the liquidation of the Debtor. The Debtor has sold or abandoned substantially all of its assets and will distribute cash to creditors.

27.     <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  As provided in Sections 3.1.3 and 15.1 of the Plan, all fees payable pursuant to section 1930(a) of title 28 of the United States Code, and any interest accruing thereon, as determined by the Court, shall be paid on or before the Effective Date.  All such fees and interest accruing thereon payable after the Effective Date will be paid by the Liquidating Trustee in accordance therewith until the entry of a final decree closing this Chapter 11 Case.  Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

28.     <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  Section 1129(a)(13) does not apply in this Chapter 11 Case because the Debtor is not obligated to pay any retiree benefits.

29.     <u>Payment of Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>.  Section 1129(a)(14) does not apply in this Chapter 11 Case because the Debtor is not required to pay any domestic support obligations.

30.     <u>Objection to the Plan of an Individual (11 U.S.C. § 1129(a)(15))</u>.  Section 1129(a)(15) does not apply in this Chapter 11 Case because the Debtor is not an individual.

31.     <u>Transfers of Property (11 U.S.C. § 1129(a)(16))</u>.  Section 1129(a)(16) does not apply in this Chapter 11 Case because the Debtor is a moneyed, business or commercial corporation.

32.     <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>.  Based upon the evidence proffered or adduced at the Confirmation Hearing, the Disclosure Statement and all other evidence before the Court, the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 2 and 4, as required by sections 1129(b)(1) and (2) of the Bankruptcy Code.  Thus, the Plan may be confirmed notwithstanding the Debtor's failure to satisfy section

1129(a)(8) of the Bankruptcy Code. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes including those of Classes 2 and 4.

        (a)      <u>The Plan Does Not Unfairly Discriminate Against the Rejecting Classes</u>. The Plan does not unfairly discriminate against Classes 2 and 4. Accordingly, the Plan satisfies section 1129(b)(1) of the Bankruptcy Code.

        (b)      <u>The Plan is Fair and Equitable</u>. The Plan is fair and equitable in that no holder that is junior to the Class 4 Interests will receive or retain under the Plan on account of such junior interest any property. Therefore, the Plan satisfies section 1129(b)(2)(C)(ii) of the Bankruptcy Code. The Plan is fair and equitable in that Holders of Class 2 Claims will either receive payment in full of their Allowed **SMB 6/10/10 Secured** Claims, or the indubitable equivalent of their Allowed **SMB 6/10/10 Secured** Claims (through the return to them of any Property securing their Allowed Claim) **SMB 6/10/10** ~~and the provision of an Allowed General Unsecured Claim for any deficiency)~~. Therefore, the Plan satisfies section 1129(b)(2)(A).

33.     <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Plan is the only plan filed in this Chapter 11 Case. Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

34.     <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan, as evidenced by its terms, is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.

35.     <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before this Court in this Chapter 11 Case, the Exculpated Persons, as that term is defined in the Plan, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in

connection with all of their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code and the Exculpated Persons referenced in Section 12.4 of the Plan are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code. **SMB 6/10/10** ~~and the exculpation provisions set forth in Section 12.4 of the Plan.~~

36. <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

37. <u>Implementation</u>. All documents and agreements necessary to implement the Plan, and all other relevant and necessary documents described in the Plan, have been negotiated in good faith at arm's length, are in the best interests of the Debtor and shall upon execution be valid, binding and enforceable documents and agreements not in conflict with any federal or state law.

38. **SMB 6/10/10** ~~Good Faith. The Exculpated Persons will be acting in good faith if they proceed to (a) consummate the Plan and the agreements, settlements, transactions and transfers contemplated thereby and (b) take the actions authorized and directed by this Confirmation Order~~.

39. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>. The Debtor has exercised reasonable business judgment in determining whether to assume or reject each of its executory contracts and unexpired leases as set forth in Article Ten of the Plan. Each assumption or rejection of an executory contract or unexpired lease as provided in Article Ten of the Plan shall be legal, valid and binding upon the Debtor and all non-Debtor parties to such executory contract or unexpired lease to the same extent as if such assumption or rejection had

been effectuated pursuant to an appropriate authorizing order of the Court entered before the Confirmation Date under section 365 of the Bankruptcy Code.

40. **SMB 6/10/10** ~~Conditions Precedent to the Effective Date. The conditions precedent to the Effective Date are set forth in Section 11.1 of the Plan. Such conditions may be waived at any time by a writing signed by the Plan Proponents, without notice or order of the Court or any further action.~~

41. **SMB 6/10/10** ~~Retention of Jurisdiction. The Court properly may retain jurisdiction over the matters set forth in Article XIV of the Plan~~.

42. <u>Preservation of Estate Actions</u>. It is in the best interests of the Holders of Claims and Interests that all Estate Actions that are not expressly released under the Plan be retained and preserved by the Liquidating Trustee pursuant to section 12.7 of the Plan.

43. <u>Transfer of the Trust Assets</u>. The Debtor's transfer of the Trust Assets to the Liquidating Trust on the Effective Date in accordance with the Plan and the Liquidating Trust Agreement is reasonable and necessary and made in accordance with **SMB 6/10/10** ~~applicable state law and~~ applicable provisions of the Bankruptcy Code, including Bankruptcy Code §§ 363(b) and 1123(b)(3).

44. <u>Liquidating Trust Agreement</u>. The Liquidating Trust Agreement is an essential element of the Plan and entry into the Liquidating Trust Agreement is in the best interests of the Debtor, its estate and its creditors. **SMB 6/10/10** ~~Moreover, the use by the Liquidating Trustee of Rule 2004 of the Federal Rules of Bankruptcy Procedure to investigate potential Estate Actions assigned to the Liquidating Trust is necessary and appropriate to the administration of the estate and the implementation and consummation of the Plan. The Liquidating Trust Agreement has been negotiated in good faith, at arm's length, and~~ The Debtor has exercised

reasonable business judgment in determining to enter into the Liquidating Trust Agreement on the terms set forth in the agreement filed with the Court on April 28, 2010 [Docket No. 322], or in a form substantially similar thereto. The Debtor has provided sufficient and adequate notice of the Liquidating Trust Agreement, including any material modifications to the Liquidating Trust Agreement, to all parties in interest. The Liquidating Trust Agreement shall, upon execution, be valid binding, and enforceable and shall not be in conflict with any federal or state law.

**DECREES**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

45. <u>Confirmation</u>. The Plan is approved and confirmed under section 1129 of the Bankruptcy Code.

46. <u>Objections</u>. All objections to the Plan were withdrawn, resolved, or overruled. All reservations of rights pertaining to Confirmation of the Plan are overruled on the merits.

47. <u>Solicitation and Notice</u>. Notice of the Confirmation Hearing complied with the terms of the Order Approving Disclosure Statement, was appropriate and satisfactory based on the circumstances of the Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. The solicitation of votes on the Plan complied with the solicitation procedures in the Order Approving Disclosure Statement, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

48. <u>Plan Classifications Controlling</u>. The classification of Claims and Interests for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Creditors in connection

with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; and (c) shall not be binding on the Debtor.

49.     <u>Effects of Confirmation; Immediate Effectiveness; Successors and Assigns</u>.  The stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order.  On the Effective Date, and effective as of the Effective Date, the Plan shall, and be deemed to, be binding upon and inure to the benefit of the Debtor, all present and former Holders of Claims against and Interest in the Debtor and its respective successors and assigns, regardless of whether any such Holder failed to vote to accept or reject the Plan or affirmatively voted to reject the Plan.

50.     **SMB 6/10/10**  ~~Distributions Under the Plan.  All distributions under the Plan shall be made in accordance with Article VIII of the Plan~~.

51.     <u>Appointment of Liquidating Trustee</u>.  As of the Effective Date, the appointment of Clingman as Liquidating Trustee is approved.  The Liquidating Trustee shall be the exclusive trustee of the Trust Assets.  From and after the Effective Date, the Liquidating Trustee shall have, and be entitled to exercise, all rights and powers provided to the Estate under the Bankruptcy Code, including section 1107 thereof, in addition to all rights and powers granted in the Liquidating Trust Agreement.  Except as otherwise set forth in the Plan or this Confirmation Order, on the Effective Date, any and all Trust Assets belonging to the Debtor and its Estate shall be preserved and shall be transferred to and vest in the Liquidating Trust free and clear of all Liens, claims and encumbrances.  Prior to the Effective Date, and in connection with its management of the Trust Assets, the Liquidating Trustee shall obtain a fiduciary bond or surety

issued by such insurance company or other firm, and in such amount, as the Liquidating Trustee deems to be reasonably acceptable in its discretion. Notice of the effectiveness of such bond or surety shall be provided to the U.S. Trustee before the Effective Date. Furthermore, the Liquidating Trustee shall notify the Bankruptcy Court and the U.S. Trustee in writing before terminating any such bond or surety that is obtained. The Liquidating Trustee shall also inform the U.S. Trustee in writing of any changes to the identity of the Liquidating Trustee, as soon as is reasonably practicable.

52.     Approval of Liquidating Trust Agreement.     The Liquidating Trust Agreement (together with all schedules, addendums, exhibits, annexes, and other attachments thereto and as supplemented, amended and modified) is approved, and the Debtor and the Liquidating Trustee, respectively, are authorized to take all actions contemplated under the Liquidating Trust Agreement.

53.     Undeliverable Distributions.     Any Holder of an Allowed Claim (or successor or assignee or other Person or Entity claiming by, through or on behalf of such Holder) that does not assert a claim pursuant to the Plan for an undeliverable or unclaimed distribution within one hundred and eighty (180) days after the date that the undeliverable distribution was sent to such Holder shall be deemed to have forfeited its claim for such undeliverable or unclaimed distribution and shall be forever barred and enjoined from asserting any such claim for an undeliverable or unclaimed distribution against the Debtor, its Estate, the Liquidating Trust or the Liquidating Trustee. Any such Cash shall become property of the Liquidating Trust free of any restrictions thereon and notwithstanding any federal or state escheat laws to the contrary, and shall be distributed in accordance with the provisions of the Plan. Nothing contained in the Plan

or in this Confirmation Order shall require the Debtor or the Liquidating Trustee to attempt to locate any Holder of an Allowed Claim.

54. **SMB 6/10/10** ~~Disputed Claims.   The provisions of Article VI of the Plan, including, without limitation, the provisions governing procedures for resolving Disputed Claims, are fair and reasonable and are approved~~.

55. Rejections.  As provided in Article X of the Plan, all executory contracts and unexpired leases that exist between the Debtor and any Person and that have not previously assumed and assigned to Escada US Subco LLC, other than the Asset Purchase Agreement and the Marques Employment Agreement, as defined in the Plan, shall be rejected pursuant to section 365 of the Bankruptcy Code (the "**Rejected Contracts and Leases**").   All of the Rejected Contracts and Leases shall be rejected only to the extent that any such contract or lease constitutes an executory contract or unexpired lease.  This Confirmation Order shall constitute an order approving such rejections, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date, and no other motion seeking rejection shall be required.

56. Rejection Claims and Bar Date.  Claims arising out of the rejection of any executory contract or unexpired lease pursuant to Section 10.1.1 of the Plan must be filed with the Bankruptcy Court and served on the Liquidating Trustee within thirty (30) days after **SMB 6/10/10  the service of Notice of** the Effective Date.  Any Claim not filed within such time period shall be forever barred and shall not be enforceable against the Debtor, its Estate, the Liquidating Trust, or the Liquidating Trustee, unless otherwise ordered by the Bankruptcy Court or provided for in the Plan.

57. Injunction.  Except as otherwise expressly provided for in the Plan or this Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code,

including sections 524 and 1141 thereof, upon the entry of this Confirmation Order, and provided that the Effective Date occurs, and at all times on and after the Effective Date, through and including the date of entry of a Final Order closing the Chapter 11 Case, all Persons that have held, currently hold or may hold a claim or other debt or liability against or interests in the Debtor or its Estate, are permanently enjoined from taking any of the following actions in any Court or forum, other than the Bankruptcy Court, against or affecting the Debtor, the Estate, its property, the Liquidating Trust, the Trust Assets, the Liquidating Trustee, or the Committee, with respect to such claims or interests:

(i) commencing, conducting or continuing in any Court in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting the Debtor, the Estate, its property, the Liquidating Trust, the Trust Assets, the Liquidating Trustee, or the Committee (including, without limitation, all suits, actions and proceedings that are pending as of the Effective Date);

(ii) enforcing, levying, attaching, collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, the Estate, its property, the Liquidating Trust, the Trust Assets, the Liquidating Trustee, or the Committee;

(iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any Lien, charge or encumbrance of any kind against the Debtor, the Estate, its property, the Liquidating Trust, the Trust Assets, or the Liquidating Trustee; and

(iv) asserting any right of subrogation or recoupment of any kind, directly or indirectly against any obligation due the Debtor, the Estate, its property, the Liquidating Trust, the Trust Assets, or the Liquidating Trustee;

provided, however, nothing in Section 12.3 of the Plan shall prohibit any Person from taking actions to enforce any rights or obligations under or in connection with its Claim(s), the terms of the Asset Purchase Agreement, the Plan, or this Confirmation Order in the Bankruptcy Court.[2]

provided further, however, nothing in this Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Exculpated Persons, nor shall anything in this Confirmation Order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action or other proceedings against the Exculpated Persons for any liability whatever, including without limitation any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority, nor shall anything in this Confirmation Order or the Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Exculpated Persons;

provided further, however, that Paragraph 12.3(v) of the Plan is hereby stricken and of no force and effect.

---

[2]     Nothing contained in Section 12.3 of the Plan shall prohibit the Holder of a Disputed Claim from seeking to have the Bankruptcy Court resolve the Disputed Claim, or shall prohibit a Holder of a Claim from seeking relief in any court of competent jurisdiction in connection with any claim asserted against any non-Debtor entity.

58.     <u>Term of Injunction or Stays</u>.  Unless otherwise provided herein, in the Plan or in another order of the Bankruptcy Court, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105, 362 and 524 of the Bankruptcy Code, or otherwise, and in effect on the Confirmation Date, shall remain in full force and effect until the later of (i) the entry of a Final Decree or (ii) dissolution of the Debtor.  Nothing in this paragraph shall apply to the injunction provided for in section 12.3 of the Plan.

59.     **SMB 6/10/10** ~~Exculpation and Limitation of Liability.  As provided for in section 1125 of the Bankruptcy Code, any and all Claims, liabilities, causes of action, rights, damages, costs and obligations held by any party against the Exculpated Persons, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due, in any manner related to the administration of the Bankruptcy Case, as well as the formulation, negotiation, prosecution or implementation of the Plan, the Disclosure Statement, this Confirmation Order or any contract, instrument, release or other agreement, pleading or document created or entered into in connection therewith shall be deemed fully waived, barred, released and discharged in all respects, except as to rights, obligations, duties, claims and responsibilities preserved, created or established by terms of the Plan; provided, however, that any Exculpated Person could incur liability as a result of any such act or omission to the extent that such act or omission constitutes fraud, gross negligence or willful misconduct, or such actions constitute a willful violation of federal or state securities laws or the Internal Revenue Code; provided, however, that nothing should limit the liability of the professionals pursuant to N.Y. Comp. Codes R. & Regs. Tit. 22 section 1200.8, rule 1.8(h)(1) and any other statutes, rules, or regulations dealing with professional conduct to which professionals are subject.  Any Exculpated Person injured by any willful violation of the injunctions provided in~~

~~the Plan shall recover from the willful violator actual damages (including costs and attorneys'~~ ~~fees) and, in appropriate circumstances, punitive damages.  Nothing herein shall be construed to~~ ~~exculpate or release the Debtor and its officers, directors and professionals for their respective~~ ~~prepetition conduct, or bar any claims, causes of actions or suits on behalf of the Estate, the~~ ~~Liquidating Trustee or any third party~~.

60.     <u>Exculpation:  United States</u>.  Solely with respect to the United States, neither Section 12.4 of the Plan  **SMB 6/10/10** ~~nor the preceding paragraph~~ shall **not** be construed to exculpate any non-debtors from fraud, gross negligence, willful misconduct, criminal conduct or misuse of confidential information that causes damages.

61.     <u>Preservation of Estate Actions</u>.  Except as provided in the Plan, nothing contained in the Plan or this Confirmation Order shall be deemed to be a waiver or the relinquishment of any claims, rights or Estate Actions that the Debtor may have under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, whether arising before or after the Petition Date, in any court or other tribunal, including, without limitation, (i) any and all claims against any Person or Entity, to the extent such Person or Entity asserts a crossclaim, counterclaim, and/or claim for setoff which seeks affirmative relief against the Debtor, its officers, directors, or representatives and (ii) the turnover of any property of the Debtor's Estate. Upon the Effective Date, the Liquidating Trustee shall have the exclusive right, authority, and discretion to institute, prosecute, abandon, settle, or compromise any and all such claims, rights and Estate Actions without Bankruptcy Court approval and in accordance with the terms of the Plan, and all proceeds of such actions shall be transferred to the Liquidating Trust.  Nothing contained in the Plan or this Confirmation Order shall be deemed to be a waiver or relinquishment of any claim, cause of action, right of setoff, or other legal or equitable defense

which the Debtor had immediately prior to the Petition Date, against or with respect to any Claim left Unimpaired by the Plan.

62. <u>Formation of and Provisions Regarding the Liquidating Trust</u>.

a. On the Effective Date, the Debtor and the Liquidating Trustee shall sign the Liquidating Trust Agreement, in substantially in the form filed on April 28, 2010, and the Liquidating Trust Agreement shall become effective.

**SMB 6/10/10** ~~b.~~ ~~On the Effective Date, the Debtor shall transfer and be deemed to have transferred to the Liquidating Trust all of its right, title, and interest in and to all of the Trust Assets and any and all other remaining property of the Debtor and its Estate, free and clear of any Lien, claim or interest in such property of any other Person except as provided in the Plan.~~

~~c. The Debtor shall transfer to the Liquidating Trustee all rights and remedies relating to the Estate Actions, including the Debtor's evidentiary privileges (including the attorney-client privilege).~~

~~d. Except as otherwise provided for in the Plan and the Liquidating Trust Agreement, the Liquidating Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, (including, without limitation the settlement of any Estate Actions and objections to Claims) or account to the Bankruptcy Court. The Trustee shall exercise its business judgment for the benefit of the Beneficiaries of the Liquidating Trust in order to maximize the value of the Trust Assets and Distributions, giving due regard to the cost, risk, and delay of any course of action.~~

e.      Beneficial Interests in the Liquidating Trust shall be uncertificated and shall be non-transferable except upon death of the Beneficial Interest Holder or by operation of law.  Holders of Beneficial Interests in the Liquidating Trust shall have no voting rights with respect to such Interests.

f.      The terms of the Liquidating Trust Agreement may be amended from time to time by written instrument executed by the Liquidating Trustee.

g.      The Liquidating Trust shall be established for the sole purpose of liquidating and distributing the Trust Assets, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. Subject to definitive guidance from the Internal Revenue Service, all parties shall treat the Liquidating Trust as a liquidating trust for all federal income tax purposes.

h.      The Liquidating Trustee is authorized, on behalf of the Liquidating Trust, to commence any action to pursue an Estate Action without further authorization of this Court.  The Liquidating Trustee shall succeed to the Debtor's rights with respect to the time periods in which an Estate Action may be brought under sections 108 and 546 of the Bankruptcy Code or otherwise.

63.     **SMB 6/10/10** Retention of Jurisdiction.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XIV of the Plan over all matters arising out of, and related to, the Chapter 11 Case and the Plan.

64.     Dissolution of Committee.   On the Effective Date, the Committee shall be automatically dissolved and all members, Professionals and agents of the Committee shall be deemed released from their duties and obligations, except solely with respect to applications for

Professional Fee Claims pursuant to Section 3.1.2 of the Plan, reimbursement of expenses incurred as a member of the Committee, any motions, appeals or other actions seeking enforcement or implementation of the provisions of the Plan or this Confirmation Order or pending appeals of orders entered in this case. Further, after the Effective Date, the Committee's counsel shall be entitled to fees and expenses in accordance with Section 7.10 of the Plan, limited to the services described in Section 14 of the Plan.

65.    <u>Enforceability of Plan Documents</u>.  Subject to the terms and conditions set forth in Article XI of the Plan, the Plan and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order.

66.    **SMB 6/10/10**    ~~Ownership and Control.  The consummation of the Plan shall not, unless the Debtor expressly agrees in writing, constitute a change of ownership or change in control, as such terms are used in any statute, regulation, contract or agreement (including, but not limited to, any agreements related to employment, severance or termination agreements or insurance agreements) in effect on the Effective Date and to which the Debtor is a party~~.

67.    <u>Effectiveness of All Actions</u>.  All actions authorized to be taken pursuant to the Plan shall be effective on, prior to or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of the Court.

68.    <u>Approval of Consents</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Disclosure Statement,

and any related documents, instruments or agreements, and any amendments or modifications thereto.

69. <u>Payment of Professionals</u>.  Subject to the provisions of paragraph 71 below, upon occurrence of the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after the Effective Date shall terminate, and, except as otherwise provided by the Plan, the Liquidating Trustee may employ and pay all Professionals in the ordinary course of business without any further notice to, action by or order or approval of this Court or any other party.

70. <u>Administrative Claims Bar Date</u>.  All requests for payment of an Administrative Expense Claim, other than a claim for fees and expenses by Professionals, arising on or after January 16, 2010, through and including the Effective Date, (other than those of Professionals and those arising out of section 503(b)(9) of the Bankruptcy Code) must be filed with the Debtor and served on the Liquidating Trustee and counsel for the Debtor and the Committee no later than thirty (30) days after **SMB 6/10/10 service of notice of** the Effective Date (the "**Supplemental Administrative Expense Claims Bar Date**").  Any request for payment of an Administrative Expense Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without need for any objection by the Debtor or the Liquidating Trustee.  The Debtor, with the consent of the Committee prior to the Effective Date, and thereafter the Liquidating Trustee may settle a disputed Administrative Expense Claim without further Court approval.

71. <u>Bar Date for Professionals</u>.  Applications for compensation for services rendered and reimbursement of expenses incurred by Professionals (a) from the Petition Date through the Effective Date or (b) at any time during the Chapter 11 Case when such compensation is sought

pursuant to sections 503(b)(3) through (b)(5) of the Bankruptcy Code, shall be filed no later than sixty (60) days after the Effective Date or such later date as the Bankruptcy Court approves. Such applications shall be served on (a) counsel to the Debtor, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, Attn: Gerald C. Bender, (b) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn: Elisabetta Gasparini, (c) counsel for the Committee, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, NY 10169, Attn: William M. Silverman, and (d) the Liquidating Trustee, Clingman & Hanger Management Associates, LLC, 11038 Lakeridge Parkway, Suite 4, Ashland, Virginia 23005. Applications that are not timely filed will not be considered by the Court.

72.   <u>Binding Effect</u>.   The Plan shall be binding upon and inure to the benefit of or detriment to, as the case may be, the Debtor, its Estate, its property, the Committee, the Liquidating Trustee, the Liquidating Trust, all present and former Holders of Claims or Interests (whether or not they have accepted this Plan), and their personal representatives, successors and assigns.

73.   <u>Governing Law</u>.   Except to the extent that the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Plan provides otherwise, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.

74.   <u>Notice of Entry of Confirmation Order and Effective Date</u>.   Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), the Debtor shall file and serve notice of entry of this Confirmation Order and occurrence of the Effective Date (the "**Notice of Confirmation**")

on all Holders of Claims and Interests, the United States Trustee for the Southern District of New York, the attorneys for the Committee and other parties in interest by causing the Notice of Confirmation to be delivered to such parties by first-class mail, postage prepaid, within ten business days after the Effective Date. Such notice is adequate under the particular circumstances and no other or further notice is necessary. The Notice of Confirmation also shall serve as the notice of the Supplemental Administrative Expense Claims Bar Date and as the notice of the Effective Date.

75. **SMB 6/10/10** ~~Substantial Consummation. Upon the occurrence of the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.~~

76. <u>References to Plan Provisions</u>. The failure to include or specifically describe or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety.

77. <u>Findings of Fact</u>. The determinations, findings, judgments, decrees and orders set forth and incorporated herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

78. <u>Conflicts Between Confirmation Order and Plan</u>. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to

effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

79. <u>Final Order</u>. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.


Dated: June 10, 2010
New York, New York


    **/s/ STUART M. BERNSTEIN**
HON. STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Issued: 11:40 a.m.**