OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100
William M. Silverman
Melanie L. Cyganowski

Counsel for the Liquidating Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 11

EUSA LIQUIDATION INC.,
(f/k/a ESCADA (USA) INC.),
                                                                Case No. 09-15008 (SMB)
                    Debtor.
-----------------------------------------------------------x

## MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER EXTENDING THE TERM OF THE LIQUIDATING TRUST THROUGH AND INCLUDING DECEMBER 31, 2013

TO: THE HONORABLE STUART M. BERNSTEIN,
    UNITED STATES BANKRUPTCY JUDGE:

       1.      Clingman & Hanger Management Associates, LLC, as the duly appointed liquidating trustee (in such capacity, the "Liquidating Trustee") pursuant to the *Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code by the Debtor and the Official Committee of Unsecured Creditors* [Docket No. 321] (the "Plan"), hereby submits this motion (the "Motion") in support of the entry of an Order, in substantially the form attached hereto as Exhibit "A", pursuant to Section 105 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule

9006(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), extending the term of the EUSA Creditors Liquidating Trust (the "Trust") from June 30, 2013 through and including December 31, 2013. As discussed below, the applicable Trust documents require that an Order of this Court must be entered on or prior to April 30, 2013 if the term of the Trust were to be extended.

2. It has become necessary to extend the term of the Liquidating Trust by an additional period of six (6) months because the Liquidating Trustee received notification from the Internal Revenue Service that it was commencing an audit of the Debtor's final post-petition tax return for the period November 1, 2009 through October 31, 2010. The Liquidating Trustee has been working diligently with its professionals to obtain a final determination from the IRS with respect to the Debtor's final post-petition tax returns. Recently, the Liquidating Trustee was informed by the IRS's New York office that a final determination without change would issue. However, the IRS's Ogden office must issue a formal final determination and it is not certain when this official notice will issue. Importantly, the Liquidating Trustee cannot assume that the formal determination will issue in sufficient time to allow to effectuate all the steps necessary to close the case by June 30, 2013 – the current scheduled termination date for the Trust. Accordingly, the Liquidating Trustee has filed this Motion to extend the term of the Trust to December 31, 2013.

3. The Liquidating Trustee anticipates that no objections will be filed in response to this Motion.

4. In support of this Motion, the Liquidating Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Confirmation Order. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by this Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is § 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006(b).

## BACKGROUND

6. On August 14, 2009 (the "Petition Date") Escada (USA) Inc. and its affiliated debtor companies (collectively "Escada" or the "Debtor") commenced cases under chapter 11 of title 11 of the United States Code (the "Chapter 11 Cases").

7. On June 10, 2010, this Court entered an order [Docket No. 357] (the "Confirmation Order") confirming the Plan. On July 1, 2010, the Plan became effective and the Trust Assets were transferred to the Liquidating Trustee pursuant to the terms of the Plan and the Liquidating Trust Agreement.

8. As defined in the Plan, the Trust Assets consist of: (a) any and all of the Debtor's and its Estates' right, title and interest in all property, as provided in Section 541 of the Bankruptcy Code, including, without limitation, cash, rights of setoff and recoupment, any and all proceeds, rents, products, offspring, profits arising from or generated by such property before or after the Effective Date and including the Estate Assets, if any, and (b) any other remaining property of the Debtor and its Estate.

9. The Plan provides that the Liquidating Trust

shall terminate no later than the second (2nd) anniversary of the Effective Date; <u>provided, however,</u> that, on or prior to the date two (2) months prior to such termination, the Bankruptcy Court, upon motion by . . . the Liquidating Trustee, may extend the term of the Liquidating Trust, upon notice to all parties listed in the Special Notice List, if it is necessary to complete the liquidation of the Trust Assets.

10. On April 27, 2012, this Court entered an *Order Extending the Terms of the Liquidating Trust to December 31, 2012* [Docket No. 555]. On February 1, 2013, this Court entered an *Order Extending the Terms of the Liquidating Trust to June 30, 2012* [Docket No. 575].

11. On June 10, 2010, the Bankruptcy Court issued the Post-Confirmation Order and Notice (the "<u>Post-Confirmation Order</u>"), which sets forth, among other things, requirements for filing periodic reports advising the Bankruptcy Court of the actions taken by the Liquidating Trustee to consummate the Plan.

### **REQUEST TO EXTEND THE TERM OF THE TRUST**

12. Bankruptcy Rule 9006(b) provides that, subject to certain exceptions:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if they request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). In addition, Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "the court may issue any order, process, or judgment that

is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13. This request by the Liquidating Trustee to extend the term of the Liquidating Trust is made prior to the expiration of the Trust's term and, therefore, falls within Rule 9006(b)(1).

14. Courts "should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extension has not been abused." 10 Collier on Bankruptcy ¶ 9006.06[2] at 9006-15 (16th ed. 2011). Although Bankruptcy Rule 9006(b)(1) does not define "cause," courts have been consistent in their interpretation of what constitutes cause for extending a deadline. In determining whether cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1995) (quoting MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Further, courts also consider "whether the plaintiff was conscientious about complying with the Rules." American Commercial Barge Line Company LLC v. Joan Salton, 2001 U.S. Dist. LEXIS 2793 at *7 (S.D.N.Y. March 16, 2001).

15. To date, the Liquidating Trustee has resolved and finalized all claims against the Liquidating Trust. Upon issuance of the final determination by the IRS, the Liquidating Trustee will promptly make the final distributions to the Beneficial Interest holders. Thereafter, the Liquidating Trustee will prepare and file appropriate tax filings for the Trust, the Trustee's Final Post-Confirmation Quarterly Report with the Office of the United States Trustee and a Statement of Discharge. Although the

Liquidating Trustee anticipates that it will be able to wrap up and close the case well before December 31, 2013, out of an abundance of caution, the Liquidating Trustee requires an extension of the term of the Trust so as to avoid the need to file any further motions of this sort.

16. The Liquidating Trustee's requested extension is not sought for purposes of delay and will not prejudice any claimants or other parties in interest. The Liquidating Trustee reserves its right to seek a further extension of the term of the Liquidating Trust upon a motion filed with this Court on notice to all parties listed in the Special Notice List.

## NOTICE

17. Notice of this Motion has been provided by facsimile, e-mail, overnight delivery, U.S. mail, or hand delivery to: (a) the U.S. Trustee; and (b) and all parties listed in the Special Notice List, in accordance with Section 9.1 of the Liquidating Trust Agreement.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests this Court enter an Order, substantially in the form annexed hereto as Exhibit "A" (a) extending the term of

the Trust through December 31, 2013, and (b) granting such other and further relief as may be just and proper.

Dated: New York, New York
      April 5, 2013

Respectfully submitted,

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.

By: _____
William M. Silverman
Melanie L. Cyganowski
230 Park Avenue
New York, New York 10169
(212) 661-9100

Counsel for the Liquidating Trustee

**Exhibit A to Motion**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                    Chapter 11

EUSA LIQUIDATION INC.,
(f/k/a ESCADA (USA) INC.)
                                                                                           Case No. 09-15008 (SMB)
                                    Debtor.
-----------------------------------------------------------------x

## ORDER EXTENDING THE TERM OF THE LIQUIDATING TRUST THROUGH AND INCLUDING DECEMBER 31, 2013

Upon the motion (the "Motion") of the Liquidating Trustee, dated April 5, 2013, for an Order extending the term of the Liquidating Trust through December 31, 2013; and it appearing that due and sufficient notice of the Motion has been given and that no other notice is necessary; and the Court having found that the relief sought in the Motion is in the best interests of the Liquidating Trust and its beneficiaries; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. The term of the Liquidating Trust, is hereby extended through and including December 31, 2013.

2. The relief granted herein is without prejudice to the Liquidating Trustee's right to request further extensions of the term of the Liquidating Trust.

3. This Court shall retain jurisdiction over the Liquidating Trustee and all parties that have submitted Claims with respect to any matters related to or arising from the implementation of this Order.

Dated: New York, New York
     April __, 2013

                                                  THE HONORABLE STUART M. BERNSTEIN
                                                UNITED STATES BANKRUPTCY JUDGE